## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVIA HAYNIE on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>CORNELL UNIVERSITY,<br><br>          Defendant. | Civil Action No.  3:20-CV-0467 (MAD/ML)<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Olivia Haynie ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Cornell University ("Cornell" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Cornell, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them.

2.      Cornell is one of the country's most preeminent universities and a part of the Ivy League, with an enrollment of over 24,000 students. The university offers 80 formal major fields for undergraduate students, as well as a number of graduate programs including law, medicine, and business.

3.      On March 13, 2020, Cornell, through a news release, announced that because of

the global COVID-19 pandemic, all classes would be suspended for two weeks, in addition to a spring break between March 29, 2020 through April 6, 2020. Students were discouraged from contacting their professors during this time. The announcement also informed students that following the two-week closure, classes would be held remotely through online formats.

4.      Cornell has not held any in-person classes since March 13, 2020. Classes that have continued have only been offered in an online format, with no in-person instruction.

5.      As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Ms. Haynie and the putative class contracted and paid for. The online learning options being offered to Cornell students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

6.      Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

7.      Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## **PARTIES**

8.      Plaintiff Olivia Haynie is a citizen of New York who resides in Tompkins County,

New York.  Ms. Haynie is an undergraduate student at Cornell pursuing a Bachelor's Degree in

Architecture.  The Architecture program at Cornell relies extensively on in-person instruction,

meaningful student presentations, peer feedback, and access to material fabrication facilities (e.g.

laser cutters, 3D printers, wood and metal shops, etc.).  None of these resources are available to

Ms. Haynie while in-person classes are suspended.  Ms. Haynie paid approximately $11,275 in

tuition and fees to Defendant for the Spring 2020 semester.  Ms. Haynie has not been provided a

refund of any tuition monies paid, despite the fact that in-person classes have not been held since

March 13, 2020.  Ms. Haynie also paid a $500 student health fee and a $125 student activity fee

for the Spring 2020 semester.  Ms. Haynie has not been provided a refund of any these fees,

despite the fact that all students were required to leave campus on March 29, 2020.

9.      Defendant Cornell University is a private institution of higher education with its

principal place of business at 616 Thurston Avenue, Ithaca, New York 14853.

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A),

as modified by the Class Action Fairness Act of 2005, because at least one member of the Class,

as defined below, is a citizen of a different state than Defendant, there are more than 100

members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of

interest and costs.

11.     This Court has personal jurisdiction over Defendant because Defendant maintains

its principal place of business in this District.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant

resides in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

13.     Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at Cornell.

14.     Spring Semester 2020 classes at Cornell began on or about January 21, 2020. Final exams for the semester are scheduled for end on or around May 16, 2020.

15.     Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020. They also paid other mandatory fees associated with the Spring Semester 2020, including a $500 student health fee and a $125 student activity fee.

16.     Approximate tuition costs at Cornell for the Spring Semester 2020 are as follows:

- Undergraduate Degree Endowed Ithaca College: $28,275
- Undergraduate Degree Contract College – New York State Resident: $18,940
- Undergraduate Degree Contract College Nonresident: $28,275
- Tier 1 Master's Degree: $28,275
- Tier 2 Master's Degree: $18,511
- Special Programs/Other Professional Degrees: $14,750
- Professional Degrees M.P.S. ILR NYC (part time program): $14,137
- Doctoral Degree Endowed Ithaca College: $14,750
- Doctoral Degree Contract Colleges: $10,400
- Two-Year M.B.A.: $34,720
- J.D.: $33,874
- LL.M. (one-year program): $33,874
- Law School (JD/MBA 3rd year of three-year program): $50,811
- College of Veterinary Medicine New York State Resident: $18,568
- College of Veterinary Medicine Non-New York State Resident: $27,372

17.     Fees paid by or on behalf of Cornell students vary based on program of study.  By way of example, undergraduate students for the 2019-2020 academic year paid a student activity

4

fee of $125 per semester.

18.      The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, Cornell Closed Campuses And Cancelled All In-Person Classes*

19.      On March 13, 2020, Cornell, through a news release, announced that because of the global COVID-19 pandemic, all in-person classes would be suspended effective March 16, 2020.  Students were required to leave the Ithaca campus no later than March 29, 2020.  The announcement also informed students that following the two-week closure, classes would be held remotely through online formats.  Online classes began April 6, 2020.

20.      Since March 13, 2020, Cornell has not held any in-person classes.  The closure of Cornell's campuses has been extended through the end of Spring Semester 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.  Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as architecture, music, theatre, and the sciences) have only had access to minimum online education options.

21.      As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

22.      Plaintiff and members of the Class did not choose to attend an online institution of

higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

23.     Defendant markets the Cornell on-campus experience as a benefit of enrollment on Cornell's website:

Cornell has a way of being as small as you want it to be and as big as you make it. One of the first things you'll notice when you arrive is that the many groups, activities, and opportunities offered mean there's probably already a community waiting for you to come hang out.



*"One of the benefits of going to a school like Cornell University is that you can connect with a community of like-minded and supportive people."*

**- ROSELBY SOSA,** INDUSTRIAL AND LABOR RELATIONS (ILR)

Home to three institutes of higher learning, Ithaca knows what it means to be a vibrant, diverse, and inclusive college town. There's always something going on: festivals, volunteer programs, nightlife. And it sits right in the heart of the Finger Lakes Region—a beautiful reason to get out and about.



*"In Ithaca, there are a lot of outdoorsy things to do, and there's tons of good food to be found."*

**- IAN PERRY,** ENGINEERING

24.     The online learning options being offered to Cornell students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

25.     The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for.  The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at Cornell are higher than tuition and fees for other online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

• Face to face interaction with professors, mentors, and peers;

• Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

26.     Through this lawsuit Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

## CLASS ALLEGATIONS

27.     Plaintiff seeks to represent a class defined as all people who paid Cornell Spring Semester 2020 tuition and/or fees for in-person educational services that Cornell failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

28.     Plaintiff also seeks to represent a subclass consisting of Class members who reside in New York (the "Subclass").

29.     Subject to additional information obtained through further investigation and

7

discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

30.     **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

31.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class and Subclass members contracted; and

(c)     whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

(d)     whether Defendant has unlawfully converted money from Plaintiff, the Class and Subclass; and

(e)     whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust

enrichment.

32.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of

the Class in that, among other things, all Class and Subclass members were similarly situated and

were comparably injured through Defendant's wrongful conduct as set forth herein.  Further,

there are no defenses available to Defendants that are unique to Plaintiff.

33.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the

interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in

complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action

on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic

to those of the Class or Subclass.

34.     **Superiority.**   A class action is superior to all other available means for the fair

and efficient adjudication of this controversy.  The damages or other financial detriment suffered

by individual Class and Subclass members are relatively small compared to the burden and

expense of individual litigation of their claims against Defendant.  It would, thus, be virtually

impossible for the Class or Subclass on an individual basis, to obtain effective redress for the

wrongs committed against them.  Furthermore, even if Class or Subclass members could afford

such individualized litigation, the court system could not.  Individualized litigation would create

the danger of inconsistent or contradictory judgments arising from the same set of facts.

Individualized litigation would also increase the delay and expense to all parties and the court

system from the issues raised by this action.  By contrast, the class action device provides the

benefits of adjudication of these issues in a single proceeding, economies of scale, and

comprehensive supervision by a single court, and presents no unusual management difficulties

under the circumstances.

35.      In the alternative, the Class and Subclass may also be certified because:

(a)      the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)      the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)      Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

<u>**COUNT I**</u>
**Breach Of Contract**
**(On Behalf Of The Class And Subclass)**

36.      Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

37.      Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendants.

38.      Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class and Subclass entered into a binding contract with Defendant.

39.      As part of the contract, and in exchange for the aforementioned consideration,

Defendant promised to provide certain services, all as set forth above.  Plaintiff, Class, and

Subclass members fulfilled their end of the bargain when they paid monies due for Spring

Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person

educational services from January through May 2020.  In exchange for tuition monies paid, Class

and Subclass members were entitled to in-person educational services through the end of the

Spring Semester.

40.     Defendant has failed to provide the contracted for services and has otherwise not

performed under the contract as set forth above.  Defendant has retained monies paid by Plaintiff

and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit

of their bargain.

41.     Plaintiff and members of the Class and Subclass have suffered damage as a direct

and proximate result of Defendant's breach, including but not limited to being deprived of the

education, experience, and services to which they were promised and for which they have

already paid.

42.     As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and

Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no

be limited to reimbursement of certain tuition, fees, and other expenses that were collected by

Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-

rated portion of any Spring Semester 2020 tuition and fees for education services not provided

since Cornell shut down on March 13, 2020.

43.     Defendant's performance under the contract is not excused due to COVID-19.

Indeed, Defendant should have refunded the pro-rated portion of any education services not

provided.  Even if performance was excused or impossible, Defendant would nevertheless be

required to return the funds received for services it will not provide.

## COUNT II
### Unjust Enrichment
### (On Behalf Of The Class And Subclass)

44.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

46.     Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

47.     Defendant voluntarily accepted and retained this benefit by accepting payment.

48.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Cornell shut down on March 13, 2020.

49.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

## COUNT III
### Conversion
### (On Behalf Of The Class And Subclass)

50.     Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

51.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

52.     Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

53.     Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

54.     Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Cornell shut down on March 13, 2020.

55.     Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.

56.     This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

57.     Plaintiff, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Cornell shut down on March 13, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

judgment against Defendant, as follows:

(a)     For an order certifying the Class and Subclass under Rule 23 of the
Federal Rules of Civil Procedure and naming Plaintiff as representative of
the Class and Plaintiff's attorneys as Class Counsel to represent the Class
and Subclass;

(b)     For an order finding in favor of Plaintiff and the Class and Subclass on all
counts asserted herein;

(c)     For compensatory and punitive damages in amounts to be determined by
the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiff and the Class and Subclass her reasonable
attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

and all issues in this action so triable of right.


Dated: April 23, 2020                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    _/s/ Philip L. Fraietta_
Philip L. Fraietta

Philip L. Fraietta
Max S. Roberts *(pro hac vice* app. forthcoming*)*
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150

Facsimile: (212) 989-9163
Email: pfraietta@bursor.com
   mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(pro hac vice* app. forthcoming*)*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*