1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412

JENNER&BLOCK LLP

Ishan Bhabha
Tel +1 202 637 6327
IBhabha@jenner.com

June 24, 2020

**VIA ELECTRONIC FILING**
The Honorable Mae A. D'Agostino

Re:   *Haynie v. Cornell University*, No. 3:20-CV-00467 (MAD/ML)

Dear Judge D'Agostino:

Defendant Cornell University ("Cornell") respectfully seeks leave to file a motion to dismiss Plaintiff Olivia Haynie's Complaint with prejudice pursuant to Rule 12(b)(6). Plaintiff has failed to plausibly allege any claim arising out of Cornell's transition to a virtual learning experience during the Spring 2020 semester—a move necessitated by the COVID-19 pandemic and New York State directives requiring the campus's closure.

*First*, Plaintiff alleges that Cornell breached a contractual obligation to provide in-person educational services. Complaint ¶¶ 38-40, 43. While Plaintiff acknowledges that she "entered into a binding contract" with Cornell, *id*. ¶ 38, her Complaint conspicuously fails to attach or quote the contract or any provision of it that has been breached. The reason for this omission is simple: the contract between Plaintiff and Cornell does not mandate in-person educational services in exchange for tuition, much less *require* that format in the face of the serious health risks occasioned by a global pandemic. Plaintiff's breach of contract claim, therefore, fails under a straightforward application of the *Iqbal/Twombly* pleading standard: her "conclusory allegations alleging breach of contract are insufficient to allege a plausible claim." *City of Syracuse v. Loomis Armored US, LLC*, 2012 WL 88332, at *5 (N.D.N.Y. Jan. 11, 2012) (D'Agostino, J.) (dismissing contract claims because the plaintiff failed to "set forth the terms of the agreement upon which liability is predicated . . . by express reference").

To the extent the Complaint is intended to allege an implied contract theory, it fares no better. New York law recognizes an implied contract between a university and its students under certain circumstances. *Faiaz v. Colgate Univ.*, 64 F. Supp. 3d 336, 358 (N.D.N.Y. 2014). That

contract, however, "does not provide judicial recourse for every disgruntled student," *Doe v. Syracuse Univ.*, 341 F. Supp. 3d 125, 140 (N.D.N.Y. 2018) (quoting *Faiaz*, 64 F. Supp. 3d at 359), nor does it provide a basis to sue for an allegedly ineffective education. *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 206-07 (S.D.N.Y. 1998). To allege a plausible breach of an implied contract, Plaintiff must identify a "specific promise" Cornell made and explain "when and how" that promise was allegedly breached. *Noakes v. Syracuse Univ.*, 369 F. Supp. 3d 397, 418-19 (N.D.N.Y. 2019). The Complaint comes nowhere close to doing this. In a single paragraph it alleges that Cornell "markets" its vibrant student life and supportive community, as well as the benefits of living in Ithaca. Complaint ¶ 23. However, what the Complaint never alleges—because it cannot—is that Cornell promises it will conduct in-person classes, regardless of the surrounding circumstances. The Complaint thus fails to identify the "specific promise" required for implied contract claims. *See Ward v. New York Univ.*, 2000 WL 1448641, at *4 (S.D.N.Y. Sept. 28, 2000). Ultimately, "the essence of the complaint is that the school breached its agreement by failing to provide an effective education" after the campus closure, and so "the complaint must be dismissed as an impermissible attempt to avoid the rule that there is no claim in New York for 'educational malpractice.'" *Gally*, 22 F. Supp. 2d at 206-07; *see* Complaint ¶¶ 5, 24.

***Second***, Plaintiff cannot state a claim for unjust enrichment. New York law "precludes unjust enrichment claims whenever there is a valid and enforceable contract governing a particular subject matter." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 587 (2d Cir. 2006). Because Plaintiff undisputedly had a contractual relationship with Cornell, she cannot also proceed under this quasi-contract theory. *See Xiotech Corp. v. Express Data Prods. Corp.*, 11 F. Supp. 3d 225, 242 (N.D.N.Y. 2014) (D'Agostino, J.). This is particularly the case "where . . . both [claims] seek identical damages." *Rogers v. Brooks*, 2019 WL 1672364, at *5 (N.D.N.Y. Apr. 17, 2019) (first alteration in original). While preclusion alone requires this claim be dismissed, it also fails because the Complaint offers only conclusory allegations "(1) that the

defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel*, 448 F.3d at 586; *see* Complaint ¶¶ 44-49. Cornell suspended in-person classes for valid public health reasons and continued to provide educational services virtually. *See* Complaint ¶¶ 19-20. Moreover, Plaintiff does not (and cannot) allege that Cornell used her tuition or fee payments for any illegitimate purpose. Even accepting all of Plaintiff's allegations as true, this is not a case where "equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Mueller v. Michael Janssen Gallery Pte. Ltd.*, 225 F. Supp. 3d 201, 209 (S.D.N.Y. 2016). To the contrary, "equity and good conscience" require acknowledgment of the extraordinary measures Cornell took to continue to educate its students under extreme conditions.

**Third**, Plaintiff's conversion claim should be dismissed because she has "failed to plead an actionable wrong distinct from [her] breach of contract claim." *Schaefer Hong Kong Trade Co. Ltd. v. Jones Grp., Inc.*, 2015 WL 6830178, at *2 (S.D.N.Y. Nov. 6, 2015). Indeed, Plaintiff seeks "identical monetary relief under both counts." *Id.*; *compare* Complaint ¶ 43, *with id.* ¶ 57. Even beyond the duplicative nature of this claim, Plaintiff does not adequately allege "legal ownership of a specific, identifiable piece of property," or Cornell's "exercise of dominion over or interference with the property in defiance of the plaintiff's rights." *Martiny v. Introcaso-Allison*, 2019 WL 4593613, at *2 (S.D.N.Y. Sept. 23, 2019). The claimed "ownership right to . . . in-person educational services," Complaint ¶ 52, is not a cognizable property interest under New York law. *See Martiny*, 2019 WL 4593613, at *3 (subject of conversion must be "[]capable of being described or identified in the same manner as a specific chattel").

For these reasons, Cornell seeks leave to file a motion to dismiss Plaintiff's Complaint.

Respectfully submitted,

/s/ Ishan Bhabha

cc: All counsel of record (via ECF)