**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**OLIVIA HAYNIE,** *on behalf of herself and*
*all others similarly situated*,

                                **Plaintiff,**
    **vs.**                                                          **3:20-CV-467**
                                                                             **(MAD/ML)**
**CORNELL UNIVERSITY,**

                                  **Defendant.**

_____

**ALEC FABER,** *individually and on behalf*
*of others similarly situated*,

                                  **Plaintiff,**
    **vs.**                                                           **3:20-CV-471**
                                                                             **(MAD/ML)**
**CORNELL UNIVERSITY,**

                                  **Defendant.**

_____

**AHNAF RAHMAN,** *on behalf of himself and*
*all others similarly situated*,

                                  **Plaintiff,**
    **vs.**                                                           **3:20-CV-592**
                                                                             **(MAD/ML)**
**CORNELL UNIVERSITY,**

                                  **Defendant.**

_____

**APPEARANCES:**                                          **OF COUNSEL:**

**BURSOR & FISHER, P.A. - NY OFFICE**      **PHILIP LAWRENCE FRAIETTA, ESQ.**
888 Seventh Avenue                              **MAX STUART ROBERTS, ESQ.**
New York, New York 10019
Attorneys for Plaintiff Haynie

| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>701 Brickell Avenue<br>Suite 1420<br>Miami, Florida 33131<br>Attorneys for Plaintiff Haynie | **SARAH WESTCOT, ESQ.** |
| **ANASTOPOULO LAW FIRM**<br>32 Ann Street<br>Charleston, South Carolina 29403<br>Attorneys for Plaintiff Faber | **ERIC POULIN, ESQ.**<br>**ROY T. WILLEY, IV, ESQ.** |
| **LYNN LAW FIRM, LLP**<br>M&T Bank Building<br>101 South Salina Street, Suite 750<br>Syracuse, New York 13202<br>Attorneys for Plaintiff Faber | **KELSEY W. SHANNON, ESQ.** |
| **TOPTANI LAW PLLC**<br>375 Pearl Street<br>Suite 1410<br>New York, New York 10038<br>Attorneys for Plaintiff Faber | **EDWARD TOPTANI, ESQ.** |
| **CHERUNDOLO LAW FIRM, PLLC**<br>AXA Tower One 17th Floor<br>100 Madison Street<br>Syracuse, New York 13202<br>Attorneys for Plaintiff Rahman | **JOHN C. CHERUNDOLO, ESQ.** |
| **CARLSON LYNCH, LLP**<br>1133 Penn Avenue<br>Ste 5th Floor<br>Pittsburgh, Pennsylvania 15222<br>Attorneys for Plaintiff Rahman | **EDWARD W. CIOLKO, ESQ.**<br>**GARY F. LYNCH, ESQ.**<br>**JAMES PATRICK MCGRAW, III, ESQ.** |
| **CORNELL UNIVERSITY**<br>**OFFICE OF COUNSEL**<br>300 CCC Building<br>235 Garden Avenue<br>Ithaca, New York 14853<br>Attorneys for Defendant | **VALERIE L. DORN, ESQ.**<br>**ADAM PENCE, ESQ.** |
| **JENNER, BLOCK LAW FIRM -**<br>**DC OFFICE**<br>1099 New York Avenue, Suite 900 | **ISHAN KHARSHEDJI BHABHA, ESQ.**<br>**LAUREN J. HARTZ, ESQ.** |

2

Washington, DC 20001
Attorneys for Defendant

**JENNER & BLOCK LLP**              **PAUL RIETEMA, ESQ.**
353 N. Clark Street
Chicago, Illinois 60654
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On April 23, 2020, Plaintiff Haynie filed this putative class action against Defendant Cornell University alleging breach of contract, unjust enrichment, and conversion stemming from Cornell's decision to close its campus and transition to online learning in response to the COVID-19 pandemic. *See* Dkt. No. 1. On April 25, 2020 and May 31, 2020, Plaintiffs Faber and Rahman, respectively, filed nearly identical class action complaints against Cornell University. *See Faber v. Cornell*, No. 3:20-CV-471, Dkt. No. 1; *Rahman v. Cornell University*, No. 3:20-CV-592, Dkt. No. 1.

On July 8, 2020, the Court held a telephone conference to address Cornell's request to file a motion to dismiss all three actions.[1] *See* Dkt. No. 17. At the conference, Plaintiffs discussed their desire to file a motion to consolidate these actions prior to the filing of a motion to dismiss. Cornell did not object to this proposal. Thus, the Court indicated that it would consider Cornell's request to file a motion to dismiss after Plaintiffs' motion for consolidation was addressed. On August 18, 2020, Plaintiffs filed a motion to consolidate these actions. *See* Dkt. No. 27. Currently before the Court is Plaintiffs' motion to consolidate and appoint co-lead interim class counsel. *See id.* For the following reasons, Plaintiffs' motion is granted in part and denied in part.

---

[1] For ease of reference, when citing to the parties' motions, the Court will cite to the docket for Plaintiff Haynie. *See Haynie v. Cornell University*, No. 3:20-CV-467.

"Consolidation is appropriate where there are actions involving 'common question[s] of law or fact pending' before the Court." *Sklar v. Bank of Am. Corp. (In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.)*, 258 F.R.D. 260, 267 (S.D.N.Y. 2009) (quoting Fed. R. Civ. P. 42(a)).

Here, the parties do not dispute that consolidation is appropriate. Additionally, the Court notes that each of these actions include similar, if not identical, causes of action and arise out of Cornell's decision to close its campus and switch to remote learning for the Spring 2020 semester in response to the COVID-19 pandemic. *See* Dkt. No. 27-1 at 6. Thus, the Court finds that these actions involve common questions of law and fact such that consolidation is proper. Accordingly, these actions will be consolidated and Plaintiff Haynie will be designated as the lead Plaintiff. Cornell, however, objects to the lead counsel structure proposed by Plaintiffs. *See* Dkt. No. 32.

"In complex cases, courts may appoint a plaintiff leadership structure to coordinate the prosecution of the litigation." *Sklar*, 258 F.R.D. at 271. Rule 23(g)(3) of the Federal Rules of Civil Procedure "provides that courts 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Id.* (quoting Fed. R. Civ. P. 23(g)(3)). "Interim class counsel's role is to 'fairly and adequately represent the interests of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(g)(4)).

In appointing counsel, a court must consider (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1); *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (collecting cases). A court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P.

23(g)(1)(B). Such considerations include "'(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel,' *In re Comverse Tech., Inc. Derivative Litig.*, No. 06 Civ. 1849, 2006 WL 3761986, *2-3 (S.D.N.Y. Sept. 22, 2006), as well as whether counsel 'are qualified and responsible, ... [whether] they will fairly and adequately represent all of the parties on their side, and ... [whether] their charges will be reasonable.'" *Sklar*, 258 F.R.D. at 272 (alterations in original).

Here, Plaintiffs ask the Court to appoint Anastopoulo Law Firm, LLC ("Anastopoulo"), Carlson Lynch, LLP ("Carlson Lynch"), and Bursor & Fisher, P.A. ("Bursor") as interim co-lead counsel and to appoint John Cherundolo of Cherundolo Law Firm as local counsel. *See* Dkt. No. 27-1 at 6. Cornell opposes the proposed structure, arguing that appointing three law firms as co-lead counsel is unnecessary and will result in delays and duplicative work. *See* Dkt. No. 31 at 5.

While case law does allow "for multiple firms to serve as class counsel, we are also aware of the caution in the Manual for Complex Litigation that although 'the functions of lead counsel may be divided among several attorneys, the number should not be so large as to defeat the purpose of making such appointments.'" *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11 MD 2262, 2011 WL 5007957, *3 (S.D.N.Y. Oct. 18, 2011) (quoting Manual for Complex Litigation (Fourth) § 10.221 (2004)).

As Defendant notes, Plaintiffs' proposed co-lead counsel structure has already demonstrated that it is inefficient, will suffer from redundancies, and cause delay. This was demonstrated by Plaintiffs' counsel in the seven weeks that passed between when their pre-motion letters were filed on June 29, 2020, announcing their intention to move to consolidate by July 3, 2020, and when they ultimately filed their consolidation motion on August 18, 2020. Indeed, in the same filing where Plaintiffs' counsel state that "each [firm is] more than adequate to represent

the class," they admit that difficulties with "private ordering" among counsel resulted in significant delay.  *See* Dkt. No. 27-1 at 6 n.1, 26.

While courts may sometimes give some weight to plaintiffs' self-selection of class counsel, *see Deangelis v. Corzine*, 286 F.R.D. 220, 225 (S.D.N.Y. 2012), in this instance the Court finds the proposed counsel structure unnecessarily duplicative.  Appointing three law firms as co-lead interim counsel and another law firm as local counsel does not encourage judicial economy and efficiency.  Although Plaintiffs have proposed that Anastopoulo will chair the co-lead committee with Roy T. Willey to serve as the point person, this does not alleviate the Court's concerns regarding duplicative work and unnecessary delays.

As Plaintiffs clearly state:

> *All three firms* have identified and investigated potential claims in this action and many analogous to this action; *all three firms* have experience in handling class actions and the claims asserted in this immediate action; *all three firms* have knowledge of the applicable law; and *all three firms* have resources to commit to representing the class.

*Faber v. Cornell University*, No. 3:20-CV-471, Dkt. No. 37 at 6 (emphasis in original).  The Court has no doubt that each of the firms proposed are more than capable of adequately representing the interests of the putative class prior to class certification.  The only question remaining is whether appointing all three firms as co-lead counsel is necessary and justified in this case.  *See In re LIBOR-Based Financial Instruments Antitrust Litig.*, 2011 WL 5007957, at *3.

Plaintiffs argue that a multi-firm leadership structure is warranted in this case because it involves "numerous novel claims" and a "large University" with "very competent and well-resourced Defense counsel and a legal/factual landscape that changes practically everyday[.]"  *See* Dkt. No. 27-1 at 13.  Although the factual circumstances which gave rise to Plaintiffs' claims are

certainly unprecedented, the legal theories and claims are not so complex as to warrant a multi-firm counsel structure.  Essentially, Plaintiffs allege breach of contract, conversion, and unjust enrichment as the result of Cornell's failure to provide refunds following closure of its campus. *See id.* at 10.  Any one of the proposed law firms are in a position to vigorously litigate these claims.  Additionally, the firm resumes provided by each firm demonstrate that each firm has the knowledge, ability, and resources to represent the best interests of the putative class.  *See* Dkt. Nos. 27-2, 27-3, 27-4.

"This is not a situation in which each law firm brings a complementary skill set to the litigation." *Hodges v. Bon Secours Health System, Inc.*, Nos. 16-1079, 16-1150, 2016 WL 4447047, *2 (D. Md. Aug. 24, 2016) (citing *Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687, 2014 WL 835174, at *4 (D. Minn. March 4, 2014)).  "Nor is this a situation involving many consolidated actions and an excessive number of parties." *Id.* (citing *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 360 (E.D. Mich. 2006)).

The Court finds that appointment of a single lead counsel best serves the interests of judicial economy while protecting the interests of the putative class.  *See Youngblood v. Family Dollar Stores, Inc.*, No. 09 Civ. 3176, 2011 WL 4597555, *6 (S.D.N.Y. Oct. 4, 2011); *Casaneda v. Burger King Corp.*, 264 F.R.D. 557 (N.D. Ca. 2009).  Plaintiffs' proposed a co-lead structure in which Anastopoulo would chair the co-lead committee.  *See* Dkt. No. 27-1 at 12.  Thus, Anastopoulo will be appointed as the sole lead interim class counsel for this now-consolidated putative class action.[2]  *See Hodges*, 2016 WL 4447047, at *2.

Accordingly, the Court hereby

---

[2] Cornell does not oppose the appointment of local counsel.  *See Haynie*, No. 20-CV-467, Dkt. No. 32 at 5.  Accordingly, the Court appoints John Cherundolo of Cherundolo Law Firm as local interim class counsel.

**ORDERS** that Plaintiffs' motion to consolidate and appoint co-lead interim class-counsel (Dkt. No. 27) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that *Faber v. Cornell University*, No. 3:20-cv-471 and *Rahman v. Cornell University*, No. 3:20-cv-592 are **CONSOLIDATED** with *Haynie v. Cornell University*, No. 3:20-cv-467; and the Court further

**ORDERS** that all pleadings and papers shall be filed with *Haynie v. Cornell University*, No. 3:20-cv-467 and shall henceforth bear the new consolidated caption set forth by the Court on page 1 of this Order; and the Court further

**ORDERS** that Lead Counsel shall file a consolidated complaint within 14 days of receipt of this Order; and the Court further

**ORDERS** that the Anastopoulo Law Firm, LLC is appointed as sole interim lead counsel for the putative class; and the Court further

**ORDERS** that John Cherundolo of Cherundolo Law Firm is appointed as local counsel for the putative class; and the Court further

**ORDERS** that the Clerk of the Court shall administratively close *Faber v. Cornell University*, No. 3:20-cv-471 and *Rahman v. Cornell University*, No. 3:20-cv-592. Any documents filed in the administratively closed cases in the future shall be automatically stricken; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 13, 2020
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge