UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EMILO ESPEJO, individually and on behalf of others similarly situated,

Plaintiff,

-against-

CORNELL UNIVERSITY,

Defendant.

3:20-cv-467 (MAD/ML)

ALEC FABER, individually and on behalf of others similarly situated,

Plaintiff,

-against-

CORNELL UNIVERSITY,

Defendant.

3:20-cv-471 (MAD/ML)

AHNAF RAHMAN, individually and on behalf of others similarly situated,

Plaintiff,

-against-

CORNELL UNIVERSITY,

Defendant.

3:20-cv-592 (MAD/ML)

**PLAINTIFFS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY and RESPONSE TO RECENT SUPPLEMENTAL AUTHORITY BY DEFENDANT**

Plaintiffs hereby provide this notice of supplemental authority of seven new opinions in COVID-19 tuition and fee refund actions in relation to Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss the Consolidated Class Action Complaint (Dkt. No. 39). These decisions, denying motions to dismiss on similar grounds raised by Defendant in this matter, are:

*1.)* *McCarthy v. Loyola Marymount Univ.*, No. 2:20-cv-4668-SB-JEM, Oral Decision Minutes, ECF No. 42 (C.D. Cal. Jan. 8, 2021), attached hereto as Exhibit 1;

*2.)* *Rhodes v. Embry-Riddle Aeronautical Univ. Inc.*, 2021 U.S. Dist. LEXIS 8047 (M.D. Fla. Jan. 14, 2021), attached hereto as Exhibit 2;

*3.)* *Hiatt v. Brigham Young Univ.*, 2021 U.S. Dist. LEXIS 3269 (D. Utah Jan. 7, 2021), attached hereto as Exhibit 3;

*4.)* *In Re: Boston University Covid-19 Refund Litigation*, 2021 U.S. Dist. LEXIS 4651 (D. Mass. Jan. 7, 2021), attached hereto as Exhibit 4;

*5.)* *Bahrani v. Northeastern Univ.*, 2020 U.S. Dist. LEXIS 244482 (D. Mass. Dec. 30, 2020), attached hereto as Exhibit 5;

*6.)* *Doe v. Emory Univ.*, Case No. 1:20-cv-2002-TWT, Opinion and Order (N.D. Ga. Jan. 22, 2021), attached hereto as Exhibit 6; and

*7.)* *Garland v. Western Michigan Univ.*, 2021 Mich. Ct. Cl. LEXIS 1 (Mich. Ct. Cl. Jan. 6, 2021), attached hereto as Exhibit 7.

These opinions are attached, and available to the Court for review. However, Plaintiffs would draw the Court's attention to the first, *McCarthy v. Loyola Marymount Univ.*, in particular given Defendant's heavy reliance on *Lindner*, also decided under California law. Like the Plaintiffs in the instant matter, Plaintiff McCarthy, represented by the undersigned, also brought a putative class action asserting claims of breach of contract and unjust enrichment due to the defendant university's refusal to provide pro-rated refunds of tuition and fees after shutting down its campus for the Spring 2020 semester in response to the COVID-19 pandemic. The court, in applying California law, distinguished *Lindner v. Occidental College*, No. 2:20-cv-08481-JFW-RAO (C.D. Cal. Dec. 11, 2020), which Defendant heavily relies on here. *See* [ECF 47]. The court made clear that *Lindner* hinged on a specific express reservation that was part of the contracted and stated "the right to change fees, or modify its services, *should economic conditions or national emergency make it necessary to do so.*" *McCarthy* at 5, n.2. (emphasis added). Therefore, "in light of that express contract right (that defeated the contract claims), the discussion about the

educational malpractice doctrine in that case appears as dicta." *Id*. Like Occidental, Cornell could have drafted and included such an express disclaimer as part of the contractual terms with its students but it did not do so. Therefore, because Loyola Marymount's reservation shares similar generic language as Defendant Cornell's, its motion was denied in its entirety, so too should Cornell's.

It is also worth noting, that Defendant's reliance on *Hassan v. Fordham University*, No. 20-cv-3265, 2021 WL 293255 (S.D.N.Y. Jan. 28, 2021) is misplaced. As an initial matter, that case was dismissed *without prejudice* with leave to refile. Additionally, the Court in *Hassan* had to specifically distinguish two prior COVID-19 tuition and fee refund decisions denying motions to dismiss decided under New York law against Rochester Institute of Technology and Rensselaer Polytechnic Institute. *See Bergeron v. Rochester Inst. of Tech.*, 2020 WL 7486682 (W.D.N.Y. Dec. 18, 2020); *Ford v. Rensselaer Polytechnic Inst.*, 2020 WL 7389155 (N.D.N.Y. Dec. 16, 2020). The students in both matters were represented by the undersigned, and those decisions were based upon complaints materially similar to the Complaint in this case.

Plaintiffs respectfully suggest that these decisions further support their position in this matter in opposition to Defendant's Motion to Dismiss.

[signatures on following page]

Dated February 5, 2021

Respectfully Submitted,

**ANASTOPOULO LAW FIRM, LLC**

*/s/Roy T. Willey IV*
Roy T. Willey, IV, Bar Roll No. 701818
Eric M. Poulin, Bar Roll No. 701819
Blake G. Abbott, Bar Roll No. 702408
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: eric@akimlawfirm.com
roy@akimlawfirm.com
blake@akimlawfirm.com

**LYNN LAW FIRM, LLP**

Kelsey W. Shannon, Bar Roll No. 520477
101 South Salina Street, Suite 750
Syracuse, New York 13202-4983
Tel: (315) 474-1267
Email: kshannon@lynnlaw.com

**TOPTANI LAW PLLC**
Edward Toptani*
375 Pearl Street, Suite 1410
New York, New York 10038
Tel: (212) 699-8930
Email: edward@toptanilaw.com

**BURSOR & FISHER, P.A.**
Phillip L. Fraietta
Max S. Roberts
888 Seventh Avenue, Third Floor
New York, NY 10019
Tel: (646) 837-7150
Email: pfraietta@bursor.com
mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot*
701 Brickell Ave, Suite 1420
Miami, FL 33131
Tel: (305) 330-5512
Email: swestcot@bursor.com

**CARLSON LYNCH LLP**
Gary F. Lynch*
Edward W. Ciolko*
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Email: glynch@carlsonlynch.com
eciolko@carlsonlynch.com
kiverson@carlsonlynch.com

**CHERUNDOLO LAW FIRM, PLLC**
John C. Cherundolo, Bar Roll Number 101339
AXA Tower I, 15th Floor
100 Madison Street
Syracuse, NY 13202
Tel: (315) 449-9500
Email: jcherundolo@cherundololawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

* Admitted *pro hac vice*