IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

**ALEC FABER**, individually and on behalf of all others similarly situated; and **AHNAF RAHMAN**, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**CORNELL UNIVERSITY**,

    Defendant.

No. 3:20-cv-467 (MAD/ML)

---

**DEFENDANT CORNELL UNIVERSITY'S
NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY**

Defendant Cornell University ("Cornell") hereby provides notice to the Court of the July 2, 2021 decision in *Hewitt v. Pratt Institute*, No. 20-cv-2007, 2021 WL 2779286 (E.D.N.Y. July 2, 2021), attached as Exhibit A, which rejected a breach-of-contract claim against the Pratt Institute ("Pratt") relating to the payment of tuition, applying New York law and applicable precedents including this Court's own decision. *See id.* at *2–4. Cornell respectfully submits that this new decision supports Cornell's motion for partial reconsideration (ECF No. 57-1) of the Court's Memorandum Decision and Order of March 3, 2021 (ECF No. 54).

Specifically, the court in *Hewitt* applied New York contract law to hold that the plaintiff students had failed to state a claim against Pratt for breach of contract with respect to tuition. That court held that the plaintiffs had only pointed to statements that were "either too general or too caveated to sustain a claim for breach of contract," and further relied on Pratt's course catalog disclaimer providing that the school reserved "the right to periodically update and otherwise change any material, including faculty listings, course offerings, policies, and procedures[.]"  Ex.

A at *3.  Similarly, Plaintiffs in this case only point to general statements about Cornell's classrooms and campus in their consolidated complaint, and any course selected through Cornell's Courses of Study website is subject to an express disclaimer that "[c]ourse offerings are updated throughout the year and are subject to change."  Cornell's Mem. of Law in Supp. of Mot. to Dismiss ("MTD"), ECF No. 38-1, at 11–14. Also relevant to Cornell's motion to reconsider, the court in *Hewitt* specifically rejected the plaintiffs' contract theory to the extent it was grounded in a statement by Pratt to the effect that "Pratt students work 'inside the studio and classroom, and out in the world,'" holding that this and related statements were "largely opinion or puffery that [was] too vague to be enforced as a contract" and "sp[oke] in such glowing terms that students could not reasonably rely upon them as promises of in-person instruction."  Ex. A at *3 (internal quotation marks and alterations omitted).  This purported statement by Pratt is strikingly similar to the alleged mission statement that this Court found sufficient at this stage of the case to allow a tuition-based breach of contract claim to proceed against Cornell, which is the subject of the pending motion to reconsider.  *See* Order, ECF No. 54, at 11 (allowing claim to proceed based on statement referencing "experiences in the classroom, on campus, and beyond"); ECF No. 57-1, at 14–16.

      As such, Cornell respectfully submits this decision as yet another New York authority supporting partial reconsideration of this Court's decision on Cornell's motion to dismiss and supporting dismissal of Plaintiffs' tuition-based breach of contract claim.

Dated: July 7, 2021                              Respectfully submitted:

                                                              /s/ Ishan K. Bhabha

                                                              Ishan K. Bhabha (*pro hac vice*)
                                                              Lauren J. Hartz (*pro hac vice*)

JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001-4412
ibhabha@jenner.com
lhartz@jenner.com
Tel: 202-639-6000
Fax: 202-639-6066

Paul B. Rietema (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
prietema@jenner.com

Valerie Cross Dorn (No. 505158)
Adam G. Pence (No. 701233)
CORNELL UNIVERSITY
235 Garden Avenue, 300 CCC Building
Ithaca, NY 14853
vlc1@cornell.edu
apence@cornell.edu

*Counsel for Defendant*