IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

**ALEC FABER**, individually and on behalf of all others similarly situated; and **AHNAF RAHMAN**, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**CORNELL UNIVERSITY**,

    Defendant.

No. 3:20-cv-467 (MAD/ML)

---

### DEFENDANT CORNELL UNIVERSITY'S
### NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY

Defendant Cornell University ("Cornell") hereby provides notice to the Court of the July 27, 2021 decision in *Amable v. New School*, No. 20-cv-3811, 2021 WL 3173739 (S.D.N.Y. July 27, 2021), attached as Exhibit A, and the July 15, 2021 decision in *Shak v. Adelphi University*, --- F. Supp. 3d ----, No. 20-cv-1951, 2021 WL 3030069 (E.D.N.Y. July 15, 2021), attached as Exhibit B, which rejected breach-of-contract claims under New York law involving payment of tuition for the Spring 2020 semester. Cornell respectfully submits that these new decisions, consistent with numerous other New York decisions dismissing COVID-19-related breach-of-contract claims, further support Cornell's motion for partial reconsideration (ECF No. 57-1) of the Court's Memorandum Decision and Order of March 3, 2021 (ECF No. 54).

The court in *Amable* applied New York contract law to hold that the plaintiff students had failed to state a claim against the New School for breach of contract regarding in-person experiences with respect to tuition, among other payments. Ex. A at *5–11. As is particularly relevant here, the court considered a "Promotional Statement" on the New School's website, which

read: "Find your community. Build lifelong friendships with students who share your interests, passions, and perspectives. Whether you're on our main campus in New York City or our Parsons Paris campus, the boundaries of the classroom dissolve as the city becomes your studio, rehearsal space, and research center." *Id.* at *9. The court determined that this was "a classic example of mere opinion or puffery that is too vague to be enforced as a contract," even if it did market the on-campus experience "as a benefit of enrollment." *Id.* (quotation marks and citations omitted). Relatedly, in distinguishing and disagreeing with another tuition refund decision within the Second Circuit, the court reiterated that references to "outdoor spaces," "classroom and immersive experiential learning," and "the beauty of New England" were similarly too vague to ground a claim for breach of contract in this context against a university. *Id.* at *10 (quotation marks omitted) (discussing *Metzner v. Quinnipiac Univ.*, --- F. Supp. 3d ----, 2021 WL 1146922, at *10 (D. Conn. Mar. 25, 2021)).

Similarly, in *Shak*, the court also rejected allegations that Adelphi University marketed an "on-campus experience as a benefit of enrollment," concluding such statements were "too vague to support a breach of contract action." Ex. B at *3–4. The court noted that "[i]n [its] statements, Adelphi does not relinquish [its] inherent authority to modify the form of classroom instruction, nor does Adelphi specifically promise a certain number of on-campus instructional hours." *Id.* at *4.

The statements in both of these cases are analogous to the alleged mission statement that this Court found sufficient to sustain Plaintiffs' complaint for breach of contract related to tuition in this case. *See* Order, ECF No. 54, at 11 (allowing claim to proceed based on statement referencing "experiences in the classroom, on campus, and beyond"); ECF No. 57-1, at 14–16.

2

Cornell therefore respectfully submits these decisions as further authority supporting Cornell's motion for partial reconsideration of the Court's decision on Cornell's motion to dismiss.

Dated: July 30, 2021                      Respectfully submitted:

/s/ Ishan K. Bhabha

Ishan K. Bhabha (*pro hac vice*)
Lauren J. Hartz (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001-4412
ibhabha@jenner.com
lhartz@jenner.com
Tel: 202-639-6000
Fax: 202-639-6066

Paul B. Rietema (*pro hac vice)*
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
prietema@jenner.com

Valerie Cross Dorn (No. 505158)
Adam G. Pence (No. 701233)
CORNELL UNIVERSITY
235 Garden Avenue, 300 CCC Building
Ithaca, NY 14853
vlc1@cornell.edu
apence@cornell.edu

*Counsel for Defendant*