UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**ALEC FABER**, individually and on behalf of all others similarly situated; and **AHNAF RAHMAN**, individually and on behalf of all others similarly situated,

                Plaintiffs,

     v.

**CORNELL UNIVERSITY**,

                Defendant,

Civil Action No.
3:20-cv-00467 (MAD/ML)

## PLAINTIFFS' DISCOVERY STATUS REPORT

Plaintiffs Alec Faber and Ahnaf Rahman ("Plaintiffs") respectfully submit this status report pursuant to the Court's August 26, 2021 Text Order (Dkt. No. 88).

This status report provides the Court with an extensive update regarding Defendant Cornell University's ("Defendant") document production and deficient discovery responses.

### A. Meet and Confer Efforts.

Despite multiple hours of intense personal discussion via Zoom teleconference calls, Defendant has refused to make any meaningful concessions with respect to its deficient discovery responses. Accordingly, Plaintiffs do not believe that any further consultation among the parties would be beneficial and reluctantly submits that judicial intervention will be required. Specifically, the parties have been unable to reach any agreement regarding even the broad and general disputes addressed below.

### B. Defendant's Excessive and Non-Specific Boilerplate Objections

It is Plaintiffs' position that, unfortunately, at this time, Defendant's discovery responses are so incomplete and evasive, that meaningful progress cannot be made to resolve the discovery dispute, even with assistance from the Court. By way of example, Defendant has lodged 10

"general objections" to Plaintiffs' Interrogatories and 18 "general objections" to Plaintiffs' Requests for Production.  Defendant has "incorporated" these general objections into every response.  Further, Defendant has lodged a number of additional non-specific boilerplate objections in prelude to each and every response.  There is not a *single* Interrogatory or Request for Production propounded by Plaintiffs to which Defendant has not objected.

Although Plaintiffs seek to avoid arguing the specific issues in this Status Report, they offer Interrogatory Number 1 as a general example.  Plaintiffs' Interrogatory Number 1 asks simply:

> Identify all persons who participated in answering or providing any information or documents used to respond to Plaintiffs' Interrogatories and Requests for Production of Documents, and for each such person indicate the specific Interrogatories and/or Requests for Production to which he/she contributed information or documents.

While this is a standard Interrogatory propounded in nearly every case, Defendant lodges no less than 10 "general objections" and specific objections including "to the extent it seeks information that is protected by attorney-client privilege."  When pressed during the meet and confer conference,[1] Defendant could not articulate how responding to this Interrogatory would *ever* implicate attorney-client privilege.  Nonetheless, Defendant refused to withdraw this objection.  This is but one of many examples.

Plaintiffs anticipate that if they are required to file a Motion to Compel, a large part of the Motion will be dedicated towards Defendant's excessive and non-specific boilerplate objections. To make matters worse, Defendant does not indicate (throughout its responses) whether it is actually withholding any information pursuant to these objections.  Instead, Defendant merely provides *some* response "notwithstanding" the objection.  Such objections make it difficult for

---

[1] Indeed, counsel discussed this single issue for at least 30 minutes.

Plaintiffs to even narrow and identify the issues that require Court intervention because it is

impossible for Plaintiffs to even know whether they have received complete responses or not. *See*,

*e.g.*, *Curtis v. Time Warner Entertainment-Advance/Newhouse Partnership*, Case No. 3:12-cv-

2370-JFA, 2013 WL 2099496 (D.S.C. May 14, 2013)("Such an objection and answer

["notwithstanding"] preserves nothing and serves only to waste the time and resources of both the

parties and the court. Further, such practice leaves the requesting party uncertain as to whether the

question has actually been fully answered or whether only a portion of the question has been

answered.") *citing* Civil Discovery Standards, 2004 A.B.A. SEC. LIT. 18.); *See*, *also*, *Fischer v.

Forrest*, Case No. 14-cv-1304-PAE-AJP, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017)("An

objection must state whether any responsive materials are being withheld on the basis of that

objection").

### C.  Defendant's Deficient Document Production

Plaintiffs anticipate addressing additional and overlapping issues with respect to

Defendant's document productions (or lack thereof) to date.

Plaintiffs will show that the same issue with respect to non-specific boilerplate objections

pervades.  For example, "general objection" 6 in Defendant's responses to Plaintiffs' Requests to

Produce (which are incorporated into every response) Defendant states:

> By stating that Cornell will produce documents that are non-privileged and
> responsive to a particular Request, Cornell does not represent that any such
> documents exist.  Rather, Cornell responds only to the extent that, if such
> documents are, or have been, located after a reasonable search, they will be
> produced for inspection, pursuant to rule and law.

Here, it is impossible for the Court to even decipher what discovery requests Defendant has or has

not answered.  Pursuant to the extensive meet and confer process, Defendant has continued to

refuse to withdraw this qualifier.

3

In any event, Defendant has produced almost no documents at all, save for a few excerpts from Defendant's website and portions of Defendant's Course Catalog.  Defendant has admitted (both to the court and to Plaintiffs' counsel) that it has additional responsive documents to produce and for which no objections apply (even though they have been amply lodged).  During the most recent status conference, Defendant excused the failure to produce these documents by asserting that they were being produced "on a rolling basis."[2] However, Defendant, throughout the meet and confer process, has refused to articulate when such future "rolling" productions would be made. *See Fischer*, 2017 WL 773694 ("[R]esponses to discovery must…[s]pecify the time for production and, if a rolling production, when production will begin and when it will be concluded.").

### D.  Plaintiffs' Proposed Resolution Process

As addressed above, Plaintiffs believe that Defendant's responses to date are so evasive and incomplete as to render briefing on specific Motions to Compel meaningless at this time.  There is simply not enough information to allow Plaintiffs to address Defendant's responses with concise specificity.  Any attempt to engage in such an exercise at this point would only serve to waste judicial resources.  Instead, Plaintiffs propose the following path to resolution:

1. The Court should issue a general Discovery Order requiring all parties to amend and/or supplement their responses so as to comply with the order, setting a deadline to so comply.  This can be accomplished without briefing or argument and is consistent with the Federal Rules of Civil Procedure and applicable caselaw throughout the country.  Plaintiffs believe 7 days from the issuance of such order would be a sufficient deadline.  Plaintiffs propose an Order substantially similar to that set forth in *Curtis v. Time Warner Entertainment-Advance/Newhouse Partnership*,

---

[2] It should be noted that Fed R. Civ. P. 34 does not automatically provide for producing documents already in a party's possession "on a rolling basis," and that neither the Plaintiffs nor the Court have been consulted on or approved of the same.

Case No. 3:12-cv-2370-JFA, 2013 WL 2099496 (D.S.C. May 14, 2013) [Attached as Exhibit A].

Likewise, the Order should prohibit the incorporation of "general objections." **Plaintiffs are**

**willing to prepare and circulate a draft of such an order.**

2.  The Court should set a deadline by which Defendant is required to complete its "rolling

production" of those documents already and currently within its possession or control.  Plaintiffs

believe 21 days from the issuance of such order would be a sufficient deadline.

3.   The Court should set a deadline for the parties to meet and confer regarding any

remaining disputes once the above-mentioned responses are amended and documents produced.

4.  Finally, only after the above steps are completed, would it be beneficial for the Court to

set a briefing schedule or entertain arguments on any Motions to Compel specific deficiencies.

### E.  Proposed Dates and Times for Motion to Compel Hearings

As stated above, Plaintiffs do not believe that it would be in the interest of judicial economy

to entertain motions to compel *specific* responses at this time, or, for that matter, hold hearings on

the same.   There are simply too many big picture, general issues unresolved to make such

proceedings productive at this time.  Instead, Plaintiffs believe it would be more efficient to resolve

the general issues at this point through a standing discovery order, and for the parties to come

before the Court at at later date with any specific disputes once such specific disputes can be

identified and conferred upon between the parties.   Nonetheless, pursuant to the Court's

instructions, all counsel have conferred and can be available to attend in-person hearings at the

following dates and times should the Court so order:

1.  October 8, 2021 – Any time

2.  October 12, 2021 – Any time

3.  October 19, 2021 – Any time

4.  October 22, 2021 – Any time

Respectfully Submitted,

This 3rd Day of September, 2021

**ANASTOPOULO LAW FIRM, LLC**

/s/ *Blake G. Abbott*
Roy T. Willey, IV (701818)
Eric M. Poulin (701819)
Blake G. Abbott (702408)
32 Ann Street
Charleston, SC 29403
Telephone: (843) 614-8888
Email: roy@akimlawfirm.com
      eric@akimlawfirm.com
      blake@akimlawfirm.com

**CHERUNDOLO LAW FIRM, PLLC**
John C. Cherundolo (101339)
AXA Tower One 15th Floor
100 Madison Street
Syracuse, NY 13202
Telephone: (315) 449-9500
Email: jcherundolo@cherundololawfirm.com

**LYNN LAW FIRM, LLP**
Kelsey W. Shannon
M&T Bank Building
101 South Salina Street, Suite 750
Syracuse, NY 13202
Telephone: (315) 474-1267
Email: kshannon@lynnlaw.com

**CARLSON LYNCH LLP**
Gary F. Lynch*
Edward W. Ciolko*
James Patrick McGraw, III*
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Email: glynch@carlsonlynch.com
      eciolko@carlsonlynch.com
      jmcgraw@carlsonlynch.com

**CARLSON LYNCH LLP**
Kathleen P. Lally*
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
Email: klally@carlsonlynch.com

**TOPTANI LAW PLLC**
Edward Toptani (701816)
375 Pearl Street, Suite 1410
New York, New York 10038
Telephone: (212) 699-8930
Email: edward@toptanilaw.com

**ATTORNEYS FOR PLAINTIFFS**
*Admitted *pro hac vice*