## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

**ALEC FABER**, individually and on behalf of
all others similarly situated; and **AHNAF
RAHMAN**, individually and on behalf of all
others similarly situated,

     Plaintiffs,                             No. 3:20-CV-0467 MAD/ML

v.

**CORNELL UNIVERSITY**,

     Defendant.

## DEFENDANT CORNELL UNIVERSITY'S MOTION TO COMPEL

Defendant Cornell University ("Cornell"), through its attorneys and in accordance with this Court's September 7, 2021 Text Order (ECF No. 91), respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 37, to compel Plaintiffs Alec Faber and Ahnaf Rahman ("Plaintiffs") to produce complete responses to Cornell's First Set of Interrogatories ("Interrogatories"), dated May 10, 2021, and Cornell's First Request for Production of Documents ("RFPs"), dated May 17, 2021, as set forth below. Cornell also moves the Court to determine the relevant time period for discovery, and whether the parties are obligated to produce, to each other, materials that are publicly available.

## BACKGROUND

On April 25, 2020 and May 31, 2020, Plaintiffs Faber and Rahman, respectively, filed putative class action complaints against Cornell to challenge the University's decision to transition to remote learning for the remainder of the Spring 2020 academic semester in response to the global COVID-19 pandemic and New York state executive orders prohibiting in-person instruction. *See Faber v. Cornell*, No. 3:20-CV-471, ECF No. 1 (N.D.N.Y.); *Rahman v. Cornell*

1

*University*, No. 3:20-CV-592, ECF No. 1 (N.D.N.Y.).  The actions were consolidated and Plaintiffs filed a consolidated amended complaint (hereinafter "Complaint") alleging eight causes of action for breach of contract, breach of implied contract, unjust enrichment, conversion, and New York State General Business Law claims.  *See* ECF No. 33.

Following Cornell's motion to dismiss, District Judge D'Agostino dismissed six causes of action for failure to state a claim, leaving only the breach of contract claims relating to tuition and fees for further proceedings.  *See* ECF No. 54.  Plaintiffs' surviving claims center around allegations that Plaintiffs and Cornell implicitly formed a "contract" that "required Plaintiffs to provide payment in the form of tuition and fees" and, in exchange, required Cornell to provide various "<u>in-person</u> educational services, experiences, opportunities, and other related services." *See* ECF No. 33 ¶¶ 2, 69, 152 (emphasis added).  Plaintiffs' tuition claim is the subject of Cornell's motion for reconsideration pending since March 17, 2021.  *See* ECF No. 57.

On May 10, 2021, Cornell propounded its first set of interrogatories on Plaintiffs, which are attached as Exhibits A and B.  On May 17, 2021, Cornell served its first set of requests for production of documents on Plaintiffs, which are attached as Exhibits C and D.  Plaintiffs responded to Cornell's document requests on June 16, 2021, and its interrogatories (after two extensions) on July 21, 2021.  Plaintiffs' discovery responses are attached as Exhibits E, F, G, and H.

Plaintiffs' discovery responses are deficient in numerous respects.  In accordance with Federal Rule of Civil Procedure 37 and Local Rule 7.1, Cornell has worked in good faith to resolve these discovery disputes with Plaintiffs by first identifying the defects and then meeting and conferring to attempt to reduce the scope of the disputes.  The parties have exchanged multiple letters detailing their issues with the opposing party's discovery responses and objections and have

met on three occasions to discuss these disputes.  Plaintiffs remain steadfast in their refusal to supplement many of their interrogatory responses and their refusal to produce certain relevant, non-privileged information and documents.  They also refuse to engage with Cornell on any specific document request propounded by Plaintiffs unless Cornell withdraws all of its general objections, a position that has no support under the law (or common sense).  Meanwhile, Cornell has committed to supplementing particular interrogatories, has clarified its general objections, and has narrowed certain discovery requests in response to Plaintiffs' objections, all in a good faith effort to reach agreement with Plaintiffs on a proper scope for discovery.  Having reached a brick wall with Plaintiffs' positions, Cornell seeks the Court's assistance to compel discovery as described below.

### ARGUMENT

Under Federal Rule of Civil Procedure 26,

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *Maurer v. Sysco Albany, LLC*, No. 19-CV-821, 2021 WL 2154144, at *8 (N.D.N.Y. May 27, 2021) (quoting *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012)).

## I.    Plaintiffs Have Refused To Provide Discovery On Several Highly Relevant Topics

At this time, the Court should compel Plaintiffs to provide complete interrogatory responses and document productions on the following six topics.

3

**A.      Cornell is Entitled to Discovery Regarding the Alleged Implied Contract Between Cornell and Plaintiffs.**

Cornell seeks discovery related to Plaintiffs' allegations of an implied contract with Cornell in which Cornell allegedly promised, no matter the circumstances, continuous on-campus, in-person instruction and other benefits.  Ex. A and B at Interrogatory Nos. 4, 8, and 12; Ex. C and D at RFP Nos. 8, 9, 13, 31, and 32.  For example, in Interrogatories 4 and 8, Cornell asks Plaintiffs to identify the documents they rely upon to support their allegations that Cornell promised on-campus, in-person instruction and other "programs," "accesses," "experiences," "facilities," and "benefits" during the Spring 2020 academic semester.  Interrogatory 12 asks Plaintiffs to identify the documents and communications they assert form their contracts with Cornell, and whether those documents are common to the alleged class.  Cornell also issued document requests asking Plaintiffs to produce documents on these same topics.  *See, e.g.*, RFP No. 9 (seeking documents "related to Your allegation that Cornell, in exchange for tuition, would provide continuous on-campus and in-person instruction during the Spring 2020 academic semester."); RFP No. 13 (seeking documents "related to Your allegation that Cornell, in exchange for the relevant tuition and/or fees, would provide 'services,' 'programs,' 'accesses,' 'experiences,' 'facilities,' and 'benefits' on-campus and in-person continuously during the Spring 2020 academic semester.").

The information and documents Cornell seeks are highly relevant to the allegations in the Complaint—indeed, they form the core of Plaintiffs' only remaining contract claims.  ECF No. 33 ¶¶ 69, 152.  Furthermore, it is the *specific* documents, and *specific* promises that are important, not Plaintiffs' generic, broad allegations in the Complaint.  Consistent with long-standing New York law, Judge D'Agostino already ruled in this case that Plaintiffs must identify the "specific" and "material" promises by Cornell in order to prevail on their contract claims.  ECF 54 at 8 (quoting *Ford v. Rensselaer Polytechnic Inst.*, No. 20-CV-470, 2020 WL 7389155, *3 (N.D.N.Y. Dec. 16,

2020)) (quotation and citation omitted).  "General policy statements and broad unspecified procedures and guidelines" are insufficient.  *Id.*

In their responses, Plaintiffs Rahman and Faber listed a series of boilerplate objections, including assertions that the requests are "overly broad and unduly burdensome," "vague and incapable of reasonable ascertainment," and "unrelated to Plaintiff."  Ex. E at Resps. to Interrogatory Nos. 4, 8, and 12; *see* Ex. F at Resps. to Interrogatory Nos. 8 and 12.  These objections are meritless—the interrogatories at issue are clear, specific, and should be answerable without significant burden.  Plaintiffs' counsel were required to have a good faith basis for making the factual allegations in the Complaint paragraphs cited in each of the contested interrogatories at the time of the filing of the original pleadings in April and May 2020.  There is no reason Plaintiffs cannot identify and produce the documents and communications they claim to exist containing the specific promise of in-person instruction and other services.  If such documents do not exist in their possession, Plaintiffs must provide that information rather than hiding behind boilerplate objections about burden and overbreadth.

Based on the parties' meet and confer sessions, Plaintiffs' primary objection appears to be that these interrogatories are premature contention interrogatories and that a response is not warranted until the close of discovery.  Ex. F at Resps. to Interrogatory Nos. 4, 8, and 12; *see* Ex. E at Resps. to Interrogatory Nos. 4, 8, and 12.  However, Plaintiffs have failed to provide any support for their position.[1]  Ex. I, Plaintiffs' August 30, 2021 Letter, at 1-2.  Contention interrogatories concern "an opinion or contention that relates to fact or the application of law to fact."  Fed. R. Civ. P. 33(a)(2).  "Such interrogatories 'may ask another party to indicate what it contends, to state

---

[1] Cornell agrees responses to true contention interrogatories are not appropriate at this stage of litigation and will work with Plaintiffs to set a deadline for such responses.

all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts.'" *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 233 (E.D.N.Y. 2007) (quoting *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996)) (finding interrogatory requesting factual information was not a contention interrogatory and compelling a response).  Interrogatories that "request identification of witnesses or documents that bear on the allegations" are *not* contention interrogatories.  *Id.* "[I]nterrogatories seeking the identity of witnesses and interrogatories seeking the location of documents or other tangible evidence may be sought while discovery is still in its infancy."  *Id.* (quoting *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992)).  If Plaintiffs believe that discovery will somehow yield additional materials they can cite in response to these interrogatories, they are free to supplement their responses.  But the prospect that discovery may yield such additional material does not excuse Plaintiffs from fulfilling their discovery obligations now, to the best of their ability, by identifying the "specific" and "material" promises upon which their breach of contract claims rely.

Plaintiffs may attempt to claim that, subject to their objections, they have provided some information in response to these interrogatories.  These answers are incomplete and no specific documents were even identified, much less produced.  Instead, both Plaintiffs simply answered that the alleged contract is set forth in "the brochures, catalogs, websites, advertising, social media posts, syllabi, etc. as outlined in the Complaint, and by the parties' prior course of conduct."  Ex. E and F at Resps. to Interrogatory Nos. 4 and 12.  They then further direct Cornell to the Complaint. Ex. E at Resps. to Interrogatory Nos. 4 and 12; Ex. F at Resps. to Interrogatory Nos. 4, 8, and 12. Plaintiffs are not permitted to respond to a specific interrogatory by broadly incorporating their Complaint.  *Trueman v. New York State Canal Corp.*, No. 09-cv-049, 2010 WL 681341, at *3

(N.D.N.Y. Feb. 24, 2010) (holding answers to interrogatories that reference "the complaint itself . . . are improper and thus unresponsive"). Furthermore, here it is the specific promises that Plaintiffs claim were made—and the specific services that Plaintiffs claim were denied—that are relevant, as no breach can be established without them.

Plaintiffs' responses to Interrogatories 4, 8, and 12 are incomplete, fail to meet Plaintiffs' discovery obligations to provide documents and information relevant to their claims, and must be supplemented. Plaintiffs should also be ordered to produce any non-privileged materials in their possession, custody, or control responsive to RFP Nos. 8, 9, 13, 31, 32, which relate to these same topics. To date, Plaintiffs have produced no documents on these topics.

**B.      Cornell is Entitled to Discovery Regarding Plaintiffs' Activities, Planned Activities, and Other Uses of Benefits at Cornell.**

Interrogatories 10 and 11 ask for information regarding Plaintiffs Rahman's and Faber's use while enrolled at Cornell, and planned use during the Spring 2020 academic semester, of the "programs," "accesses," "experiences," "facilities," and "benefits" they allege their tuition and fees were intended to cover. Plaintiffs, again, raised various boilerplate burdensomeness and other objections to these discovery requests, which are meritless as applied to these clearly articulated requests focused on relevant topics that currently survived dismissal on Rule 12 grounds. Ex. E and F at Resps. to Interrogatory Nos. 10 and 11.[2]

Plaintiffs' primary objection appears to be that these interrogatories are irrelevant. In their response, they state:

> Plaintiff states that he paid for the opportunity to use all programs, accesses, experience, facilities, and benefits offered by Defendant. Whether Plaintiff or any

_____

[2] Plaintiff Faber also objected to Interrogatory Nos. 10 and 11 on the ground that these requests are "irrelevant and not likely to lead to admissible evidence." Cornell assumes that Plaintiff Faber is not pursuing this objection. Rule 26(b)(1) was amended in 2015, and whether a discovery request is likely to "lead to the discovery of admissible evidence" is no longer the relevant standard or a proper basis for objection.

given member of the proposed class utilized each one, and to what extent, is immaterial; they paid for the right to do so if they chose, and that right was taken away without sufficient refund.

*Id*.  Plaintiffs are wrong.  Whether and to what extent the Plaintiffs utilized, or would have utilized, Cornell's on-campus services if the semester had proceeded in person is plainly relevant to their allegations of breach and purported damages.  There is no breach, and there are no damages, if Plaintiffs lost access to something they would not have used if available (because they were, in fact, not "deprived" of anything).  *See Hassan v. Fordham Univ.*, 515 F. Supp. 3d 77, 92 (S.D.N.Y. 2021) ("Damages may not be merely speculative or imaginary, but must be reasonably certain and traceable to the alleged breach of contract."), *opinion amended and superseded in part*, 2021 WL 1263136 (S.D.N.Y. Apr. 6, 2021).  And, in any event, Plaintiffs cannot evade discovery on these topics merely because they disagree with Cornell's reasonable theory as to how breach and damages may be assessed and what factual information will be necessary to make the assessment.[3]

Plaintiff Faber's responses to Interrogatories 10 and 11, and Plaintiff Rahman's response to Interrogatory 10 are incomplete, fail to meet Plaintiffs' discovery obligations to provide documents and information relevant to their claims, and must be supplemented.  Plaintiffs clearly have knowledge of what programs and other student activities, if any, they participated in prior to March 29, 2020 and after March 29, 2020; and Plaintiffs have knowledge of what services and benefits they utilized prior to March 29, 2020 and after March 29, 2020.  Plaintiffs should also be ordered to produce any non-privileged materials in their possession, custody, or control responsive

---

[3] At the September 2, 2021 meet and confer, Cornell and Plaintiffs agreed that Plaintiffs need not account for their activities during "almost every waking minute of the day" (Ex. F at Resp. to Interrog. No. 10), such as going to class or eating in a dining hall.  Cornell narrowed its request to ask Plaintiffs to identify the specific activities and benefits outside of eating, sleeping, and going to class that Plaintiffs used or intended to use but for the changes related to the COVID-19 pandemic.  To date, Plaintiffs have not answered that narrowed interrogatory.

to RFP Nos. 15 and 28, which relate to these same topics.  To date, Plaintiffs have produced no documents on these topics.

      **C.**      **Cornell is Entitled to Discovery Relating to Plaintiffs' Allegations that Cornell Provided "Materially Deficient" Alternatives During the Spring 2020 Academic Semester.**

Interrogatory 9 asks Plaintiffs to explain their allegation that the "programs," "accesses," "experiences," "facilities," and "benefits" that Cornell provided during the Spring 2020 academic semester were "a materially deficient and insufficient alternative" to what would have been available.  ECF No. 33 ¶ 31.  Information relating to whether Cornell's provision of "programs," "accesses," "experiences," "facilities," and "benefits" was "a materially deficient and insufficient alternative" is relevant to Plaintiffs' claim that Cornell breached an alleged contract to its students and to any damages.

Plaintiff Rahman substantively responded to this interrogatory.  Plaintiff Faber, however, responded that "examples of this are as endless as the answer is obvious" and objected that any request for "a comprehensive and exhaustive list" is overbroad.  Ex. F at Resp. to Interrogatory No. 9.  He then incorporated the entire Complaint into his answer.  *Id.*  At the parties' September 2, 2021 meet and confer, counsel for Plaintiff Faber refused to supplement his response with any specific examples of the allegedly "materially deficient and insufficient" activities provided by Cornell.

Plaintiff Faber's response to Interrogatory 9 is incomplete, fails to meet Plaintiffs' discovery obligations to provide documents and information relevant to their claims, and must be supplemented.  He is the only person who can identify the programs, activities, and benefits that he participated in and the material deficiencies and insufficiencies that he perceived, and he should

be compelled to provide that information in discovery.[4]

**D.      Cornell is Entitled to Discovery Regarding Plaintiffs' Alleged Damages.**

In Interrogatories 15 and 16, Cornell asks Plaintiffs for discovery related to the damages they allege they suffered and for which they seek relief in this suit.  Ex. A and B at Interrogatory Nos. 15 and 16.  Plaintiffs claim in their Complaint that damages amount "to the difference in the fair market value of the services and access" and "live, in-person instruction" for which they allegedly contracted and "the services and access" and "online learning" "which they actually received."   ECF No. 33 ¶¶ 128-29.   Interrogatory 15 is narrowly tailored to ascertain the information relevant to these claims.   In Interrogatory 16, Cornell requests Plaintiffs identify damages totals and methods of calculation for each named Plaintiff and each putative class.

Courts routinely require plaintiffs to produce information regarding damages calculations. *Cornell Rsch. Found., Inc. v. Hewlett Packard Co.*, 223 F.R.D. 55, 65 (N.D.N.Y. 2003) ("Obviously, all such documents relative to the calculation of damages . . . should be produced."), *modified*, No. 01-CV-1974, 2005 WL 5955715 (N.D.N.Y. Oct. 11, 2005); *see Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03-CV-5560, 2008 WL 5336700, at *2 (S.D.N.Y. Dec. 22, 2008).  These requests are particularly important here because Plaintiffs also failed to provide "a *computation* of each category of damages" in their initial disclosures, as was required by federal procedural rules.  Fed. R. Civ. P. 26(a)(1)(iii) (emphasis added).

Plaintiffs objected to these interrogatories on the ground that they are "premature," are "contention interrogatories," and should await "expert witness reports."  Ex. E and F at Resps. to Interrogatory Nos. 15 and 16.  They lodged similar objections to Cornell's document requests

---

[4] Plaintiffs have purported to agree to produce documents related to this interrogatory through RFP No. 14.  To the extent that Plaintiffs fail to do so, Cornell may seek leave to compel such materials at a future time.

concerning damages.  Ex. E and F at Resps. to RFP Nos. 34-37.  These interrogatories are not contention interrogatories, as explained above.  *Strauss*, 242 F.R.D. at 233 (contention interrogatories ask a party "to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts").  Plaintiffs also cannot refuse to provide any and all damages discovery until the time of their expert reports.  *Serin v. N. Leasing Sys., Inc.*, No. 06-cv-1625, 2010 WL 6501664, at *1 (S.D.N.Y. Oct. 26, 2010) (explaining disclosure obligations under Rule 26 and attendant discovery obligations are distinct from and "in addition to" providing expert reports).  Computation of each category of damages should be disclosed in a plaintiff's initial disclosures to comply with Rule 26(a)(1)(A)(iii), and in any case are an appropriate topic throughout the discovery process.  *Id.*; *see also Bradley v. Val-Mejias*, No. 00-cv-2395, 2001 WL 1249339, at *2 (D. Kan. Oct. 9, 2001) ("The fact that a plaintiff may later supplement his interrogatory response with an expert report does not permit him to initially refuse to respond with whatever discoverable information he presently holds.").

Plaintiffs' responses to Interrogatories 15 and 16 are incomplete, fail to meet Plaintiffs' discovery obligations to provide documents and information relevant to their claims, and must be supplemented.  Plaintiffs should also be ordered to produce any non-privileged materials in their possession, custody, or control responsive to RFP Nos. 34, 35, 36, and 37, which relate to these same topics.  To date, Plaintiffs have produced no documents on these topics.

E.    **Plaintiffs Must Provide Authorizations for Cornell to Collect Relevant Records.**

This case involves Plaintiffs' educational and health records.  Plaintiffs' educational records will show, among other things, the classes in which Plaintiffs were registered, the instruction they were provided, the grades as well as the credits they received, and the degrees they

11

received upon completion of the requirements for graduation in May 2020, at the very same time they claim Cornell was breaching its contract with them.  Plaintiffs' health records will show the extent of their use of Cornell Health services, for which a fee is paid that Plaintiffs are seeking to recover in this lawsuit regardless of the fact that health services continued both on campus and via telehealth after March 29, 2020.  Cornell intends to collect and produce these records itself so the burden upon Plaintiffs is minimal.  But in order to do so in a manner that is compliant with the Family Educational Rights and Privacy Act (FERPA) and the Health Insurance Portability and Accountability Act (HIPPA), Cornell has asked that Plaintiffs execute FERPA and HIPAA authorizations to release records (which of course will continue to have appropriate protections under the Confidentiality Stipulation and Protective Order, ECF No. 80).

Plaintiffs have refused to execute authorizations.  *See* Ex. G and H at Resps. to RFP Nos. 28 and 29.  Plaintiffs claim to object to the FERPA waiver because they believe it is unnecessary, and to the HIPAA waiver because of their curious position that the Plaintiffs' continued use of Cornell Health services is irrelevant to their request for a refund of fees the Plaintiffs paid for those same services.  Cornell respectfully requests this Court compel Plaintiffs to execute the attached HIPAA and FERPA authorizations to allow Cornell to collect Plaintiffs' records relevant to their claims, or to withdraw their claims for refund of tuition and health fees.  Ex. J and K.

## F.  Plaintiffs Have Refused To Produce Several Other Categories of Relevant Documents.

Plaintiff Rahman, and, in some instances, Plaintiff Faber, have refused to provide certain categories of documents which, although not falling neatly within one of the topics identified above, are clearly relevant to the case and should be produced:

- RFP 17 seeks any calendars Plaintiffs used during their enrollment at Cornell, including but not limited to their student calendars.  Plaintiff Rahman objected on numerous

grounds, but during the meet and confer focused on his objection that the calendars were irrelevant.  Ex. G at Resp. to Req. for Produce. No. 17.  This request is neither burdensome nor irrelevant.  The calendars will show which activities Plaintiff Rahman was involved in while at Cornell, and will support or refute his claim that he was deprived of promised activities that he would otherwise have used.

- RFP 18 seeks Plaintiff Rahman's text messages and social media posts related to the litigation, including commentary, if any, on his experience at Cornell or this lawsuit. Plaintiff Rahman objected on numerous grounds, including burdensomeness and that the documents are "confidential." Ex. G at Resp. to Req. for Produce. No. 18.  Plaintiff Rahman's objections are baseless.  It is not unduly burdensome for Plaintiff Rahman to review his own social media accounts for relevant messages.  To the extent the messages are confidential, Plaintiff Rahman can so designate them under the confidentiality order entered in this matter.

- RFP 19-24 seek communications between Plaintiff Rahman and Cornell students or Cornell employees, related to: the litigation, potential refunds, Cornell's response to the pandemic, Cornell's transition to online courses, or sent/received during a discrete time frame.  Plaintiff Rahman objected to all of these requests on the same numerous grounds raised throughout his response, including burdensomeness and "confidentiality."  Ex. G at Resps. to RFP Nos. 19-24.  During the meet and confer, Plaintiff's counsel also claimed that Plaintiff Rahman no longer had access to his Cornell email account; this assertion is false, meaning Rahman either has not attempted to access the account or his counsel has wholly failed to communicate with him.  None of these objections have merit.

13

- <u>RFP 38-40</u> seek witness statements that Plaintiffs have received related to the litigation. Plaintiffs Rahman and Faber both objected to these requests, and agreed only to provide *expert* witness statements on a schedule to be entered by the Court.  Ex. G and H at Resps. to RFP Nos. 38-40.  During the meet and confer, counsel for Plaintiffs said that any witness statements are likely privileged.  If so, Plaintiffs should log the statements accordingly; this objection is not a basis for refusing the requests entirely.  Any witness statements collected by Plaintiffs would be directly relevant to the claims in the litigation and therefore discoverable unless the particular witness engaged the particular attorney who took the statement as their counsel.

Plaintiffs should be ordered to produce any non-privileged materials in their possession, custody, or control responsive to RFP Nos. 17, 18, 19-24, and 38-40.

## II.      Cornell Requests the Court's Intervention to Resolve Additional Discovery Disputes.

Cornell made significant efforts during the meet and confer process in this case to have meaningful discussions about specific interrogatories and document requests to which Plaintiffs have objected, including key issues like the time period covered and requests for the production of publicly available information that is equally accessible to all parties.  Plaintiffs steadfastly refused to address any specific disputes that *Plaintiffs* have with *Cornell's* document discovery responses.  Plaintiffs reiterated that position in their September 3, 2021 status report.  ECF No. 90.  As explained in Cornell's status report, Plaintiffs' position has created significant challenges in Cornell's own document collection and production.  Furthermore, since Plaintiffs have not described with any specificity the issues they intend to raise in their motion to compel, Cornell cannot discern which if any disputes concerning its intended document production will be raised to the Court.

In order to move the discovery process forward, Cornell respectfully requests that the Court address disputes over the time frame for production and Cornell's obligation to produce documents that are publicly available.  *First*, Cornell has thus far limited the time period of its document production in the following manner:

> 14. Cornell objects to the stated time period for these requests of January 1, 2015 through the present. Such an expansive time period is well beyond the scope of the matters in suit, and therefore unduly burdensome in that the cost and effort of searching for, reviewing, and producing documents outweighs any potential benefit. The relevant time period for most purposes in this case is Spring 2020. Cornell is willing to meet and confer with Plaintiffs' counsel regarding the purported need for discrete discovery outside of the Spring 2020 academic semester.

Ex. L Cornell Resp. to RFPs at 5-6.  In its responses to specific requests, Cornell then laid out the specific time period of documents it would produce, oftentimes limiting its production to the 2019-2020 academic year encompassing the Spring 2020 academic semester as that is the only period at issue on the claimed breaches.

Plaintiffs' insistence on a uniform seven-year period for all requests, from January 1, 2015 to the present, is unreasonable and inconsistent with the proportionality standard under Rule 26. *See* Ex. M Plaintiffs Interrogatories at 3; Ex. N Plaintiffs RFPs at 5.  This case concerns a single semester of a single academic year.  The Complaint alleges a breach of contract with students who registered for that semester of education and claim they did not get what they paid for.  Tuition and fees are quoted at the start of the academic year, along with yearly financial aid packages, and then charged and paid on a semester-by-semester basis.  Unless Plaintiffs have good reason why Cornell should look for responsive documents outside of the 2019-2020 academic semester— which to date they have not articulated—no such broad seven-year search is necessary, reasonable, or appropriate.  *Chow v. SentosaCare, LLC*, No. 19-CV-3541, 2020 WL 559704, at *3 (E.D.N.Y. Jan. 23, 2020) (limiting time period of discovery to be proportional to the named plaintiff's claims).

If reasons for a broader search exist, however, Plaintiffs should articulate specific reasons for such broader inquiry for each specific request and identify an appropriate discovery time frame.

*Second*, Cornell does not believe there is an obligation to produce to Plaintiffs publicly available information and documents, which Plaintiffs have equal access to by virtue of the internet. *See, e.g., Muhler Co., Inc. v. Ply Gem Holdings, Inc.*, 2013 WL 12170349, at *2 (D.S.C. Mar. 1, 2013) (stating in connection with request for marketing materials that "Defendants do not need to produce materials already publicly available on its website(s)."). Plaintiffs disagree, and have demanded, for example, that Cornell produce *every version of every one of its webpages* for a seven-year period of time. Ex. N at Plaintiffs RFP No. 59. They have provided no justification for this incredibly broad and burdensome request, and refuse even to meaningfully discuss the issue, which seems to indicate this request is grounded less in pursuit of relevant information and more in pursuit of inflicting Cornell with burdensome discovery. *See PBGC ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (colorfully describing such attempts as "extortion" whereby a plaintiff, in bad faith, tries to use "discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit").

Plaintiffs and Cornell face the same burden in retrieving and producing publicly available materials. Cornell's webpages are "living documents" meaning they are updated regularly without retaining historical versions. Except when previous versions are specifically archived by Cornell—such as Cornell's Courses of Study which provides registration requirements and deadlines, tuition and fees, and the course catalog for that year—most of these webpages must be procured through cached or archived versions now only available on public archive systems like the Wayback Machine. Plaintiffs have equal access to such systems and can generate any

16

document from any year they wish to have in the record, without putting Cornell to the burden of using such archive systems simply to respond to Plaintiffs' demand for documents no longer in existence within Cornell's possession.  For the webpages that Cornell itself archives, such as the Courses of Study, the archives are publicly available on Cornell's website, and indeed Plaintiffs have already cited such materials in their Complaint, demonstrating their access to them.  There is no basis for shifting to Cornell the burden of collecting and producing these publicly available materials.  Cornell will produce the 2019-2020 Courses of Study; if Plaintiffs wish to have 7 years of information from Courses of Study in the record, they can certainly access the publicly available materials to select what they think is relevant to their Complaint.

Plaintiffs' request is also highly inefficient: while Plaintiffs presumably can immediately identify website materials that they believe will advance their case, Cornell would be put to the task of an indiscriminate production of webpages on the off chance that Plaintiffs find one or two pages useful.  Indeed, that is exactly what Plaintiffs have demanded.  *See* Ex. N at Plaintiffs RFP No. 59.  Plaintiffs' position appears to be aimed more at the goal of "settlement extortion" and less on the goal of actually discovering information in Cornell's possession relevant to their claims. *See PBGC ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan*, 712 F.3d at 719.

Cornell's proposal during the meet and confers for it to produce those publicly available documents that it wants in the record, and Plaintiffs do the same for materials Plaintiffs want in the record, was not accepted by Plaintiffs.  Therefore, Cornell respectfully requests a ruling from the Court on this issue.

## **CONCLUSION**

WHEREFORE, Cornell University respectfully requests that this Court enter an order pursuant to Federal Rule of Civil Procedure 37 that:

a.      compels Plaintiffs Rahman and Faber to provide direct, responsive, and non-evasive answers to Cornell's Interrogatories 4, 8, 10, 12, 15, and 16 within fourteen days of the entry of the order granting this motion;

b.      compels Plaintiff Faber to provide direct, responsive, and non-evasive answers to Cornell's Interrogatories 9 and 11 within fourteen days of the entry of the order granting this motion;

c.      compels Plaintiffs Rahman and Faber to conduct a thorough search for all documents in their possession or control responsive to Cornell's RFP Nos. 8, 9, 13, 15, 28, 31, 32, and 34 to 40;

d.      compels Plaintiff Rahman to conduct a thorough search for all documents in their possession or control responsive to Cornell's RFP Nos. 17 to 24;

e.      determines that the relevant time period for discovery is the 2019-2020 academic year, subject to limited and specific exceptions; and

f.      declares that no party is obligated to produce materials that are publicly available or equally accessible to the opposing party.

Dated:  September 21, 2021                    Respectfully Submitted,

 /s/  Paul B. Rietema

Ishan K. Bhabha (*pro hac vice*)
Lauren J. Hartz (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001-4412
ibhabha@jenner.com
lhartz@jenner.com
Tel: 202-639-6000
Fax: 202-639-6066

Paul B. Rietema (*pro hac vice*)
Margaret M. Hlousek (*pro hac vice*)

JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
prietema@jenner.com
mhlousek@jenner.com

Valerie Cross Dorn (No. 505158)
Adam G. Pence (No. 701233)
CORNELL UNIVERSITY
235 Garden Avenue
300 CCC Building
Ithaca, NY 14853
vlc1@cornell.edu
apence@cornell.edu

*Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I, Paul B. Rietema, certify that on September 21, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

<u>/s/ *Paul B. Rietema*         </u>

Paul B. Rietema