**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ALEC FABER, *individually and on behalf of all others similarly situated*; AHNAF RAHMAN, *individually and on behalf of all others similarly situated*,

                              Plaintiffs,

  vs.                                  3:20-CV-467
                                        (MAD/ML)

CORNELL UNIVERSITY,

                              Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **CHERUNDOLO LAW FIRM, PLLC**<br>AXA Tower One, 15th Floor<br>100 Madison Street<br>Syracuse, New York 13202<br>Attorneys for Plaintiffs | **JOHN C. CHERUNDOLO, ESQ.** |
| **ANASTOPOULO LAW FIRM, LLC**<br>32 Ann Street<br>Charleston, South Carolina 29403<br>Attorneys for Plaintiffs | **ROY T. WILLEY, IV, ESQ.**<br>**ERIC POULIN, ESQ.**<br>**BLAKE G. ABBOTT, ESQ.** |
| **BURSOR & FISHER, P.A.**<br>888 7th Avenue<br>3rd Floor<br>New York, New York 10106<br>Attorneys for Plaintiffs | **MAX STUART ROBERTS, ESQ.**<br>**PHILIP LAWRENCE FRAIETTA, ESQ.** |
| **BURSOR & FISHER, P.A.**<br>701 Brickell Avenue<br>Suite 1420<br>Miami, Florida 33131<br>Attorneys for Plaintiffs | **SARAH WESTCOT, ESQ.** |
| **TOPTANI LAW PLLC**<br>375 Pearl Street<br>Suite 1410 | **EDWARD TOPTANI, ESQ.** |

1

New York, New York 10038
Attorneys for Plaintiffs

**LYNN LAW FIRM, LLP**                                  KELSEY W. SHANNON, ESQ.
M&T Bank Building
101 South Salina Street, Suite 750
Syracuse, New York 13202
Attorneys for Plaintiffs

**LYNCH CARPENTER, LLP**                                EDWARD CIOLKO, ESQ.
1133 Penn Avenue, 5th Floor                             GARY F. LYNCH, ESQ.
Pittsburgh, Pennsylvania 15222                          JAMES PATRICK MCGRAW, III, ESQ.
Attorneys for Plaintiffs


**CARLSON LYNCH, LLP**                                  KATHLEEN P. LALLY, ESQ.
111 W. Washington Street
Suite 1240
Chicago, Illinois 60602
Attorneys for Plaintiffs

**CORNELL UNIVERSITY**                                  VALERIE L. DORN, ESQ.
**OFFICE OF COUNSEL**                                   ADAM PENCE, ESQ.
300 CCC Building
235 Garden Avenue
Ithaca, New York 14853
Attorneys for Defendant

**JENNER, BLOCK LAW FIRM -**                            ISHAN KHARSHEDJI BHABHA, ESQ.
**DC OFFICE**                                           LAUREN J. HARTZ, ESQ.
1099 New York Avenue, Suite 900
Washington, DC 20001
Attorneys for Defendant

**JENNER & BLOCK LLP**                                  PAUL RIETEMA, ESQ.
353 N. Clark Street                                     MARGARET M. HLOUSEK, ESQ.
Chicago, Illinois 60654
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 3, 2021, this Court issued a Memorandum-Decision and Order dismissing one of the three named plaintiffs and six of the eight causes of action in this putative class action. *See* Dkt. No. 54. Following the motion to dismiss, Plaintiffs Alec Faber and Ahnaf Rahman's breach of contract claim with respect to tuition and miscellaneous fees survive. *Id.* at 19 n.3. On March 17, 2021, Defendant Cornell filed a motion for partial reconsideration of the Court's Order pursuant to Federal Rule of Civil Procedure 54(b). *See* Dkt. No. 57. Defendant Cornell seeks reconsideration of the denial of Defendant's motion to dismiss Plaintiffs' first cause of action — a breach of contract claim for tuition payment after Defendant Cornell ended in-person instruction in the spring 2020 semester due to the Covid-19 pandemic. *See id.*

The Court assumes the parties' familiarity with the factual background as detailed in the March 3, 2021, Memorandum-Decision and Order. *See* Dkt. No. 54. For the following reasons, the motion for reconsideration is granted.

### III. DISCUSSION

**A.    Standard of Review**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10–CV–1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Id.* (quoting *C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule

3

'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3).

Defendant Cornell argues that their motion for reconsideration should be granted to correct a clear error of law. The standard of review on a motion for reconsideration to correct a clear error of law is demanding. *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000).

> It is not enough ... that [the moving party] could now make a more persuasive argument.... "[M]ere doubt on our part is not enough to open [up] the point for full reconsideration." The law of the case will be disregarded only when the court has "a clear conviction of error" with respect to a point of law on which its previous decision was predicated.

*Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) (citations omitted); *see also Kaufman v. Columbia Mem'l Hosp.*, No. 1:11-CV-667, 2014 WL 2776662, *2 (N.D.N.Y. June 19, 2014).

**B.     The Court's March 3, 2021 Memorandum-Decision and Order**

In its Memorandum-Decision and Order denying in part Defendant Cornell's motion to dismiss, the Court misapplied well settled New York contract law between a university and a student. The Court found "Cornell's mission statement which specifically defines a 'Cornell education' as including learning experiences 'in the classroom' and 'on campus'" to create a "specific promise for in-person instruction." Dkt. No. 54 at 12. The Court, however, mistakenly concluded that alleging a specific promise for in-person instruction was sufficient to defeat a motion to dismiss.

As this Court recognized in its initial Order, the elements for a breach of contract claim are "[(1)] the formation of a contract between the parties; [(2)] performance by the plaintiff; [(3)]

4

failure of defendant to perform; and [(4)] damages." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017).  But after it concluded that a specific promise for in-person instruction existed, the Court failed to consider whether Defendant Cornell breached that promise.  "In order to plead a viable contract claim, Plaintiff also must allege breach of the implied agreement[.]" *Hassan v. Fordham Univ.*, 515 F. Supp. 3d 77, 89 (S.D.N.Y. 2021).  The Court's failure to consider an essential element of the claim was clear error and merits reconsideration of Defendant Cornell's motion to dismiss.

C. **Defendant Cornell Did Not Breach Its Implied Promise for In-Person Instruction**

Defendant Cornell argues that Plaintiffs received their bargain — in-person instruction — during the Spring 2020 semester and the statement did not promise a certain amount of in-person instruction.  Additionally, Defendant Cornell argues that, in the educational context, a breach of contract claim must allege that the university "acted arbitrarily or in bad faith." Dkt. No. 57-1 at 22.

Courts have disagreed whether a "bad faith" standard applies.  In *Hassan*, 515 F. Supp. 3d at 89-90, the court applied the "bad faith" standard in a similar tuition refund case because, "[t]he 'essence' of an implied contract between university and student is that the university 'must act in good faith in its dealings with its students.'" *Id.* at 89 (quoting *Olsson v. Bd. of Higher Educ.*, 49 N.Y.2d 408, 414 (1980)).  The *Hassan* court explained that "[t]he New York Court of Appeals has explicitly cautioned that the legal theories underpinning certain deferential principles in the university context are not well defined and that contract theory is not wholly satisfactory in the context of the relationship between a university and its students." *Id.* at 90 (internal quotations and alterations omitted).  Therefore, the court applied the "bad faith" standard to a breach of contract claim for a tuition reimbursement following a transition to online learning.

At least one court has disagreed. In *In re Columbia Tuition Refund Action*, 523 F. Supp. 3d 414, 426-28 (S.D.N.Y. 2021), the court did not find the "bad faith" standard applicable in a similar tuition refund case. The court found the "bad faith" standard to apply to controversies related to "academic standards" such as "suspension or expulsion for academic unfitness," but distinguished cases regarding a "specific promise to provide discrete services." *Id.* at 427.

The Court, however, need not decide whether the "bad faith" standard should apply because Plaintiffs' complaint fails to allege any breach. The Court finds that Plaintiffs did not adequately allege breach, even without a "bad faith" requirement.

In *In re Columbia Tuition Refund Action*, 523 F. Supp. 3d 414, the court rejected a tuition refund claim because the plaintiffs did not allege the specific promises that they identified were breached by the transition to online learning. *Id*. at 422-23. The court stated that even if Columbia University were contractually required to maintain a "'6 to 1 student to faculty ratio' that it allegedly touts on its website," there is no allegation that a shift to online learning altered the student to faculty ratio. *Id*. at 423. And similarly, "references to Columbia's 'physical location in New York City' in University publications and marketing materials do not support Plaintiffs' contract claim, because there is no claim that the University's actual location has changed." *Id.*

By contrast, the same court, in discussing a tuition reimbursement claim brought against Pace University, found breach where the course registration portal stated that "'[o]n-campus' courses would be 'taught with *only* traditional in-person, on-campus class meetings.'" *Id*. at 424. The court found that the plaintiff "plausibly alleges that Pace breached a promise to provide specific services when it 'mov[ed] all classes online.'" *Id.*

In sum, the *In re Columbia Tuition Refund Action* court looked at whether the shift to

online learning actually broke the identified promises that the plaintiff alleged. There were no allegations that Columbia University broke its promises of student to faulty ratio or the location of the school. Therefore, even if a contract existed, the plaintiffs' claim failed. *Id.* at 422-23. But because Pace University promised "only" in-person and on-campus learning, its transition to online learning was a breach. *Id.* at 424.

Here, the enforceable promise this Court found in its March 3, 2021 Order is from Defendant Cornell's mission statement, which states:

> Cornell's mission is to discover, preserve, and disseminate knowledge; produce creative work; and promote a culture of broad inquiry throughout and beyond the Cornell community ... Within the context of great diversity, a Cornell education comprises formal and informal learning experiences in the classroom, on campus, and beyond.

Dkt. No. 33 at ¶ 77. Out of this, the Court found "an explicit statement from the university indicating that the education for which Plaintiffs paid tuition includes an on-campus component." Dkt. No. 54 at 12. The Court found plausible that the statement created a promise that a "Cornell education" includes" learning experiences 'in the classroom' and 'on campus[.]'" *Id.*

The Consolidated Amended Complaint, however, states that the students received in-person instruction for the spring 2020 semester. Dkt. No. 33 at ¶¶ 115-116. The mission statement does not include "only," as Pace University's course roster did. *In re Columbia Tuition Refund Action*, 523 F. Supp. 3d at 424. Nor does it contain any limitation or qualification on "in the classroom" or "on campus." The only enforceable promise is that a Cornell education would include in-person instruction. Because Plaintiffs' Consolidated Amended Complaint alleges that, "[e]ach day for the weeks and months leading up to March 13, 2020, students attended physical classrooms to receive in-person instruction, and Defendant provided such in-person instruction[,]"

7

there was no breach of the implied contract that this Court had found in its original Order. Defendant Cornell provided in-person instruction, as its mission statement promises, in the spring 2020 semester. Accordingly, Plaintiffs' first cause of action for tuition reimbursement is dismissed because Defendant Cornell did not breach any implied contract.

### IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Cornell's motion for reconsideration (Dkt. No. 57) is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs' first cause of action is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 25, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge