UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**ALEC FABER**, individually and on behalf of all others similarly situated; and **AHNAF RAHMAN**, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**CORNELL UNIVERSITY**,

    Defendant.

---

No. 3:20-CV-0467 MAD/ML

Defendant Cornell University ("Cornell") respectfully submits this status report pursuant to the Court's June 3, 2022 Order (Dkt. #117):

**Report On Mediation and Need for Firm Case Deadlines**

1.    In the status report filed June 2, 2022, the Parties jointly informed the Court that they were pursuing private mediation on June 9, 2022, to determine whether they might be able to reach "a resolution of *all issues* remaining in the litigation" specifically based on prior settlement offers that were exchanged. (Dkt. #116, ¶1, emphasis added.) This mediation was scheduled based on four months of negotiations with the same express purpose – to reach agreement, if an agreement is possible, to resolve this matter in its entirety. (*See also* ¶2 of joint status report filed on March 3, and ¶1 of joint status reports filed on April 8 and April 18, Dkt. ##110, 112, 114.)

2.    The parties did not reach a resolution on June 9, 2022. In fact, the mediation demonstrated that the parties are significantly further apart than reflected in the prior settlement offers that were exchanged. It also demonstrated to Cornell that Plaintiffs have delayed the progress of this case under the guise of expressing interest in mediating and settling all claims while they await the outcome of pending appeals against other higher education institutions with

1

the hope, however remote, that some useful caselaw may develop to salvage one or more of their claims, or provide leverage for a higher settlement.

3. Whether the delay was intentional or not, Cornell does not believe that any further delays are warranted. Accordingly, Cornell requests that the Court lift the stay in this matter set by text order on April 26, 2022, and reset the case deadlines as follows:

|  | **Prior Date** | **New Date** |
|---|---|---|
| Plaintiffs' Expert Reports | May 16, 2022 | July 29, 2022 |
| Cornell's Expert Reports | July 1, 2022 | September 16, 2022 |
| Plaintiffs' Class Certification Motion | July 15, 2022 | September 30, 2022 |
| Rebuttal Expert Disclosures | August 5, 2022 | October 21, 2022 |
| All Discovery Complete | August 15, 2022 | November 4, 2022 |
| Dispositive Motions | September 27, 2022 | December 16, 2022 |

Cornell has proposed this schedule to counsel for Plaintiffs, who agree with the proposed dates.

**Renewal of Motion to Compel Medical Authorizations**

4. Cornell also hereby renews one specific portion of its September 21, 2021 Motion to Compel and requests that the Court compel discovery into Plaintiffs' medical records during their time at Cornell. This issue was fully briefed in Section E of Cornell's Motion to Compel (Dkt. #93, pp. 11-12), and Section D of Plaintiffs' October 5, 2021 Opposition (Dkt. #94, p. 6). To date, Plaintiffs have not produced medical records or authorizations to allow Cornell to obtain their medical records. Such records are relevant because these records bear directly on an essential element of their remaining contract claim related to fees – the alleged breach – not to mention the alleged damages sought by the named Plaintiffs on behalf of themselves and the class(es) they purport to represent.

5. In summary, Plaintiffs are seeking as relief in this case a refund of a portion of Cornell's Student Health Fee. Cornell requires discovery of Plaintiffs' Cornell Health medical records to show the extent of Plaintiffs' use of Cornell Health services before and after March 29,

2020, when most campus facilities closed due to the pandemic and Cornell transitioned to remote learning, while Cornell Health continued services both on campus and via telehealth, and actually expanded health services across state lines into 39 states in accordance with emergency licensing provisions implemented during the pandemic.  Use of such health services is relevant to the breach of contract claim asserted and the relief Plaintiffs seek for the purported class(es).

6.     Cornell intends to collect and produce these records itself, so the burden upon Plaintiffs is minimal.  But in order to do so in a manner that is compliant with the Health Insurance Portability and Accountability Act (HIPAA), Cornell has asked that Plaintiffs execute HIPAA authorizations to release records (which records of course will continue to have appropriate protections under the Confidentiality Stipulation and Protective Order, Dkt. #80).  Such authorizations appeared at Exhibit K of Cornell's Motion to Compel, and are re-attached here for convenience as Exhibit A to this report.

7.     Plaintiffs have repeatedly refused to execute authorizations, asserting that Plaintiffs should be entitled to a refund even if they continued using Cornell Health services.  Plaintiffs are free to advance this theory, and are free to argue the admissibility of any records at trial, but they cannot refuse reasonable requests for authorizations that will facilitate burden-free discovery clearly relevant to *Cornell's* defense theories, including that Plaintiffs' continued use of and benefit from Cornell Health services means they are not entitled to any refund.  Not only are the medical records relevant to Cornell's defenses, they are also relevant to Plaintiffs' potential roles as class representatives of a putative class seeking refund of the Student Health Fee.  Cornell is entitled to evidence that bears on, among other class-related elements, the named Plaintiffs' adequacy and typicality.

**Request for In-Person Status Conference**

8. In order to address the case schedule and this discovery dispute as efficiently as possible, Cornell requests that the Court set an in-person status conference to argue the discovery dispute and set deadlines for completion of discovery and other deadlines outlined above. Plaintiffs and Cornell have conferred and are available for an in-person (as Cornell requests) or telephonic (as Plaintiffs request) status conference any time on the following dates: the afternoon of June 24, June 27 (preferably in the morning), or any time on June 30.

WHEREFORE, Cornell respectfully requests the Court enter an order re-setting the case deadlines, granting Cornell's Motion to Compel as describe herein, and providing any other such relief the Court deems appropriate.

Dated:  June 16, 2022                    Respectfully Submitted,

   /s/     *Paul B. Rietema*

Ishan K. Bhabha (*pro hac vice*)
Lauren J. Hartz (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001-4412
ibhabha@jenner.com
lhartz@jenner.com
Tel: 202-639-6000
Fax: 202-639-6066

Paul B. Rietema (*pro hac vice)*
Margaret M. Hlousek (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
prietema@jenner.com
mhlousek@jenner.com

Valerie Cross Dorn (No. 505158)
Adam G. Pence (No. 701233)
CORNELL UNIVERSITY
235 Garden Avenue

300 CCC Building
Ithaca, NY 14853
vlc1@cornell.edu
apence@cornell.edu

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, states that on June 16, 2022, he caused a copy of the foregoing to be served on all counsel of record via the Court's ECF system.

                                            */s/   Paul B. Rietema*