## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

ALEC FABER, individually and on
behalf of all others similarly situated; and
AHNAF RAHMAN, individually and on
behalf of others similarly situated,

        Plaintiffs,

        v.

CORNELL UNIVERSITY,

        Defendant.

Case No.: 3:20-cv-00467 MAD/ML

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT, CERTIFY THE CLASS, APPOINT CLASS COUNSEL, APPROVE PROPOSED CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING

# TABLES OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND AND STATUS OF LITIGATION....................................................4

SUMMARY OF THE TERMS OF THE PROPOSED CONTRACT............................6

    A.    The Proposed Rule 23 Class ...................................................6

    B.    The Proposed Class Notice .....................................................6

    C.    Monetary Terms.......................................................................8

    D.    Dismissal and Release of Claims.............................................8

    E.    Proposed Schedule Following Preliminary Approval.............9

ARGUMENT .......................................................................................................9

    A.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED BY THE COURT.......................................................9

        1.    Complexity, Expense, and Likely Duration of the Litigation...................11

        2.    Reaction of the Class to the Settlement ...................12

        3.    Stage of the Proceedings and the Amount of Discovery Completed.........12

        4.    Risks of Establishing Liability and Damages ...........................12

        5.    Maintaining Class-Action Status through Trial Presents a Substantial Risk .......................................13

        6.    Ability of Defendant to Withstand a Greater Judgment ...........................14

        7.    Range of Reasonableness of the Settlement Fund in Light of the Best Possible Recovery and all the Attendant Risks of Litigation.......................................15

        8.    The Remaining Rule 23(e)(2) Factors Support Preliminary Approval......16

    B.    THE COURT SHOULD CERTIFY THE PROPOSED CLASS FOR SETTLEMENT PURPOSES.................................................17

1.      The Rule 23 Class Should Be Certified As Provided For In The Settlement Agreement ...................................................17

2.      Rule 23(a) Requirements Are Satisfied ...................................18

     a.      23(a)(1) - "Numerosity"...................................................18

     b.      Rule 23(a)(2) – "Commonality" ...................................18

     c.      Rule 23(a)(3) – "Typicality"........................................19

     d.      Rule 23(a)(4) – "Adequacy" ........................................20

     e.      Rule 23(b) Requirements Are Satisfied Here ................21

C.      THE PROPOSED SETTLEMENT NOTICE TO THE CLASS SHOULD BE APPROVED ...................................................................23

D.      LYNCH CARPENTER, LLP AND POULIN | WILLEY | ANASTOPOULO, LLC SHOULD BE APPOINTED AS CLASS COUNSEL ..................................24

CONCLUSION.........................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods. Inc. v. Windsor*,
  521 U.S. 591 (1997) ................................................................................................ 21

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
  568 U.S. 455 (2013) ................................................................................................ 22

*Atakhanova v. Home Fam. Care, Inc.*,
  No. 16-CV-6707(KAM)(RML), 2020 WL 4207437 (E.D.N.Y. July 22, 2020) ...................... 21

*Baudin v. Res. Mktg. Corp., LLC*,
  No. 119CV386MADCFH, 2020 WL 4732083 (N.D.N.Y. Aug. 13, 2020) ...................... 12, 14

*Castagna v. Madison Square Garden, L.P.*,
  2011 WL 2208614 (S.D.N.Y. June 7, 2021) ............................................................ 13

*Chery v. Conduent Educ. Servs., LLC*,
  No. 1:18-CV-75, 2022 WL 2966439 (N.D.N.Y. July 26, 2022).............................. 10

*Christine Asia Co. v. Jack Yun Ma*,
  2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019).......................................................... 14

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir.1974) ...................................................................................... 10

*Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*,
  502 F.3d 91 (2d Cir. 2007) ...................................................................................... 20

*D'Amato v. Deutsche Bank*,
  236 F.3d 78 (2d Cir.2001) .................................................................................. 9, 12

*Flores v. Anjost Corp.*,
  No. 11 Civ. 1531 (AT), 2014 WL 321831 (S.D.N.Y. Jan. 29, 2014) ...................... 14

*Goldberger v. Integrated Res., Inc.*,
  209 F.3d 43 (2d Cir. 2000) .............................................................................. 16, 17

*In re "Agent Orange" Prod. Liab. Litig.*,
  597 F. Supp. 740 (E.D.N.Y. 1984) ........................................................................ 15

*In re Austrian and German Bank Holocaust Litig.*,
  80 F.Supp.2d 164 (S.D.N.Y.2000) .................................................................. 10, 11

*In re Drexel Burnham Lambert Group, Inc.*,
 960 F.2d 285 (2d Cir.1992) ........................................................................ 19

*In re Glob. Crossing Sec. & ERISA Litig.*,
 225 F.R.D. 436 (S.D.N.Y. 2004) ................................................................ 12

*In re Lloyd's Am. Tr. Fund Litig.*,
 2002 WL 31663577 (S.D.N.Y. Nov. 26, 2002) ......................................... 17

*In re Nassau County Strip Search Cases*,
 461 F.3d 219 (2d Cir.2006) ........................................................................ 19

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
 No. 05-MD-1720, 2012 WL 5989763 (E.D.N.Y. Oct. 24, 2012) .............. 10

*In re Prudential Ins. Co. of Am. Sales Prac. Litig. Agent Actions*,
 148 F.3d 283 (3d Cir. 1998) ...................................................................... 21

*In re Visa Check/Mastermoney Antitrust Litig.*,
 297 F. Supp. 2d 503 (E.D.N.Y. 2003) ....................................................... 17

*In re Vitamin C Antitrust Litig.*,
 No. 06MD–1738 (BMC)(JO), 2021 WL 5289514, at * 6 (E.D.N.Y. Oct. 23, 2021)............... 14

*Joel A. v. Giuliani*,
 218 F.3d 132 (2d Cir. 2000) ........................................................................ 9

*Kirby v. FIC Restaurants, Inc.*,
 No. 519CV1306FJSML, 2020 WL 5791582 (N.D.N.Y. Sept. 28, 2020) .......... 16, 17

*Kommer v. Ford Motor Co.*,
 No. 117CV0296LEKDJS, 2020 WL 7356715 (N.D.N.Y. Dec. 15, 2020) .............. 14

*Lowe v. NBT Bank, N.A.*,
 No. 319CV1400MADML, 2022 WL 4621433 (N.D.N.Y. Sept. 30, 2022) ............. 15

*Maley v. Del Global Tech Corp.*,
 186 F. Supp. 2d 358 (S.D.N.Y. 2002) ....................................................... 13

*McMahon v. Olivier Cheng Catering & Events, LLC*,
 No. 08 CIV 8713 (PGG), 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) ................. 14

*Plummer v. Chemical Bank*,
 668 F.2d 654 (2d Cir.1982) ........................................................................ 20

*Richard v. Glens Falls Nat'l Bank*,
No. 120CV00734BKSDJS, 2022 WL 1102451 (N.D.N.Y. Apr. 13, 2022)............................ 24

*Sosna v. Iowa*,
419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)................................................. 20

*Story v. SEFCU*,
No. 118CV764MADDJS, 2021 WL 736962 (N.D.N.Y. Feb. 25, 2021) ........................ 11

*Thompson v. Cmty. Bank, N.A.*,
No. 819CV919MADCFH, 2021 WL 4084148 (N.D.N.Y. Sept. 8, 2021) ...................... 11

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ..................................................................................... 18

*Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir.) ............................................................................. 9, 17, 23

*Wright v. S. New Hampshire Univ.*,
565 F. Supp. 3d 193 (D.N.H. 2021) ................................................................ 18

**Rules**

Fed. R. Civ. P. 23.................................................................................. 2, 10, 18, 24

Fed. R. Civ. P. 23(a) ................................................................................. 17, 18, 20

Fed. R. Civ. P. 23(a)(1) ...................................................................................... 18

Fed. R. Civ. P. 23(a)(2)................................................................................... 18, 19

Fed. R. Civ. P. 23(a)(3)........................................................................................ 19

Fed. R. Civ. P. 23(a)(4) ....................................................................................... 20

Fed. R. Civ. P. 23(b) ...................................................................................... 17, 21

Fed. R. Civ. P. 23(b)(3)..................................................................................... 21, 23

Fed. R. Civ. P. 23(b)(3)(A)–(D) ............................................................................ 22

Fed. R. Civ. P. 23(c) ........................................................................................... 14

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................... 23, 24

Fed. R. Civ. P. 23(c)(3)........................................................................................ 24

Fed. R. Civ. P. 23(e) ............................................................................... 1

Fed. R. Civ. P. 23(e)(1)(B) ..................................................................... 23

Fed. R. Civ. P. 23(e)(2) .......................................................................... 16

Fed. R. Civ. P. 23(g) .............................................................................. 24

Fed. R. Civ. P. 30(b)(6) ........................................................................... 5

New York General Business Law § 349 ................................................. 1

New York General Business Law § 350 ................................................. 1

**Other Authorities**

1 Joseph M. McLaughlin, McLaughlin on Class *Actions* § 5:63 (16th ed. 2019) ........................ 21

Manual for Complex Litigation, §21.312 .............................................. 23

Richard Nagareda*, Class Certification in the Age of Aggregate Proof,*
    84 N.Y.U. L.Rev. 97, 132 (2009) ..................................................... 19

# INTRODUCTION

Subject to the Court's approval, this action arising out of Cornell University's ("Cornell")[1] transition to virtual education in response to the COVID-19 pandemic is settled for the amount of $3,000,000.00, inclusive of all administrative expenses, attorneys' fees, and other costs of litigation ("Settlement").

In this putative class action, Plaintiffs Alec Faber and Ahnaf Rahman ("Settlement Class Representatives") (collectively with Cornell, the "Parties") allege that they and other similarly situated students enrolled in an on-campus degree-bearing course of study at Cornell and paid tuition and various fees in exchange for Cornell's promise to provide the unique benefits of an in-person, on-campus educational experience. Settlement Class Representatives further allege that this contract was breached when Cornell transitioned Spring 2020 in-person classes to remote learning in response to the COVID-19 pandemic. Further, they allege that Cornell's shift to remote education gave rise to claims of unjust enrichment, conversion, and violations of New York General Business Law §§ 349, 350. Cornell denies all claims.

Settlement Class Representatives and Cornell have reached an agreement to settle Settlement Class Representatives' and the Settlement Class Members' claims, as set forth in the Settlement Agreement which is attached as Exhibit 1 to the contemporaneously filed Joint Declaration of Roy T. Willey and (Eddie) Jae K. Kim ("Joint Decl.").[2] Therefore, in accordance with Fed. R. Civ. P. 23(e), the Parties request the Court enter the proposed Preliminary Approval Order that would:

---

[1] All capitalized terms used throughout this brief shall have the meanings ascribed to them in the Settlement Agreement.
[2] All referenced Exhibits are attached to the Joint Decl.

1.    Have the Consolidated Class Action Complaint (Dkt. No. 33), serve as the operative complaint in this Action;

2.    Grant preliminary approval of the proposed Settlement;

3.    Provisionally certify, for settlement purposes only pursuant to Rule 23, the Settlement Class which consists of all students enrolled in a degree-bearing Cornell program for the Spring 2020 semester, with the exception of: (i) any person who withdrew from Cornell on or before March 1, 2020; (ii) any person enrolled for the Spring 2020 semester solely in a program that, at the beginning of the Spring 2020 semester, was to be delivered as an online program; (iii) any person who executes and files a proper and timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person;

4.    Preliminarily appoint Plaintiffs Alec Faber and Ahnaf Rahman as Settlement Class Representatives;

5.    Preliminarily appoint law firms of Lynch Carpenter, LLP; Poulin | Willey | Anastopoulo, LLC (formerly known as Anastopoulo Law Firm LLC); Cherundolo Law Firm, PLLC; and Toptani Law, PLLC as Class Counsel for the Settlement Class;

6.  Approve the Parties' proposed settlement procedure, including by:

   a.  approving the Parties' selection of KCC, LLC, as Settlement Administrator;

   b.  approving the Parties' proposed schedule for the motion for final approval, the potential Settlement Class Members' opt-out statements or objections, and the Final Approval Hearing; and

     c.   approving the form and content of, and directing the distribution of, the proposed

Short Form Notice and Long Form Notice substantially in the form that is attached

as Exhibits C and A respectively to the Settlement Agreement and Release; and

    7.   Enter the proposed Preliminary Approval Order attached as Exhibit B to the

Settlement Agreement.

Cornell supports Settlement Class Representatives' request for preliminary approval of the

proposed Settlement. Cornell also agrees to provisional certification of the proposed Settlement

Class for settlement purposes only. Cornell denies Settlement Class Representatives' claims in this

Action; denies all allegations of wrongdoing, fault, liability, or damage of any kind to Settlement

Class Representatives and to the proposed Settlement Class; denies all class action allegations; and

denies Settlement Class Representatives' factual allegations in this motion. Nevertheless, taking

into account the uncertainty and risks inherent in litigation generally and the certainty of a

negotiated settlement, Cornell has agreed to resolve this case because the proposed Settlement will

benefit current and will avoid further expense, burden, and distraction from its educational

mission.

As set forth below, the proposed Settlement is the product of fully informed, arms-length

settlement negotiations, including two mediation sessions (one before Judge Randolph F. Treece

and one before Judge Sidney I. Schenkier). The Settlement satisfies all of the prerequisites for

preliminary approval and certification of the Settlement Class. The proposed Settlement is fair,

reasonable, and adequate as it recognizes the risks of continued litigation, in light of Cornell's

forthcoming summary judgment motion (for which the filing deadline was adjourned by Text

Order, Dkt. 151) and Settlement Class Representatives' pending class certification motion, while

providing substantial relief to the Settlement Class Members. For these reasons, and those fully

articulated below, Settlement Class Representatives respectfully request that the Court preliminarily approve the Settlement and enter the proposed Preliminary Approval Order.

## BACKGROUND AND STATUS OF LITIGATION

On April 23, 2020, Olivia Haynie filed this putative class action against Cornell alleging breach of contract, unjust enrichment, and conversion stemming from Cornell's decision to transition to virtual learning in response to the COVID-19 pandemic during the Spring 2020 semester, and seeking partial refunds of tuition and certain mandatory fees. *See Haynie v. Cornell University*, No. 3:20-cv-0467, Dkt. No. 1 (N.D.N.Y.). On April 25, 2020, and May 31, 2020, Settlement Class Representatives respectively filed nearly identical class action complaints against Cornell. *See Faber v. Cornell*, No. 3:20-CV-471, Dkt. No. 1 (N.D.N.Y.); *Rahman v. Cornell University*, No. 3:20-CV-592, Dkt. No. 1 (N.D.N.Y.). On August 18, 2020, Settlement Class Representatives filed a motion to consolidate these actions. *See* Dkt. No. 27. The motion to consolidate was granted, and, soon thereafter, Settlement Class Representatives filed an amended consolidated complaint. *See* Dkt. Nos. 32, 33. In the amended complaint, Settlement Class Representatives added Plaintiff Emilio Espejo to this Action. *See* Dkt. No. 33. On October 29, 2020, Plaintiff Haynie voluntarily dismissed her claim. *See* Dkt. Nos. 36, 37.

On November 10, 2020, Cornell filed a motion to dismiss. *See* Dkt. No. 38. After full briefing by the parties and oral argument before the Court, the Court issued an order dismissing Plaintiff Espejo, a parent of a student, based on lack of standing. Further, the Court denied Cornell's motion to dismiss with regards to Settlement Class Representatives' breach of contract claims relating to tuition and fees, while granting the motion as to their claims regarding room and board, unjust enrichment, conversion, and violations of New York General Business Law. *See* Dkt. No. 54. Cornell filed a motion for partial reconsideration of this order. *See* Dkt. No. 57. The Parties

then agreed to mediate the matter. *See* Dkt. No. 70. Around the same time, the Parties began exchanging discovery requests and responses.

On August 18, 2021, the Parties met for court-ordered mediation, which was not successful in resolving this case. *See* Dkt. No. 83. Thereafter, the Court issued an order on the aforementioned motion for partial reconsideration on October 25, 2021, dismissing Settlement Class Representatives' first cause of action for breach of contract with respect to the tuition claim. *See* Dkt. No. 98. After engaging in further discovery, the Parties agreed to meet again for mediation on June 9, 2022, which was also unsuccessful.

The Parties completed discovery, including depositions of Settlement Class Representative Rahman on August 13, 2022, Settlement Class Representative Faber on August 26, 2022, and multiple Cornell employees in September 2022 pursuant to Fed. R. Civ. P. 30(b)(6) (including Cornell's Director of Finance Operations in Student and Campus Life, Associate Dean for Administration and Finance in Student and Campus Life, Director of Campus Activities, Senior Director of Administrative Services in Cornell Health, and Dean of Students). Settlement Class Representatives also deposed Cornell's expert witness.

On October 3, 2022, Settlement Class Representatives moved to certify a proposed fees class. *See* Dkt. No. 132. Cornell opposed the motion for class certification on October 31, 2022. *See* Dkt. No. 137. Settlement Class Representatives filed their reply in further support of the class certification on November 14, 2022. *See* Dkt. No. 142. Following the submission of these briefs, and before the deadline for dispositive motions, the Parties reinitiated settlement discussions, negotiated, and eventually agreed to terms for a proposed class-wide settlement.

## SUMMARY OF THE TERMS OF THE PROPOSED CONTRACT

The key components of the Settlement are set forth below, and a complete description of its terms and conditions are contained in the Settlement Agreement.

### A.    The Proposed Rule 23 Class

Through the Settlement Agreement, the Parties stipulate to the certification of the Settlement Class, which is defined as follows:

> [A]ll students enrolled in a degree-bearing Cornell program for the Spring 2020 semester, with the exception of: (i) any person who withdrew from Cornell on or before March 1, 2020; (ii) any person enrolled for the Spring 2020 semester solely in a program that, at the beginning of the Spring 2020 semester, was to be delivered as an online program; (iii) any person who executes and files a proper and timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

Should the Court grant final approval of the Settlement, by operation of law and as set forth in Paragraph 10 of the Settlement Agreement: (a) all members of the Releasing Settlement Class shall be deemed to have released any and all Released Claims against the Released Cornell Parties, and (b) shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Cornell Parties. KCC, LLC, if appointed, shall serve as the Settlement Administrator and shall be responsible for administering all aspects of the Settlement, including the distribution of notice and Settlement Fund and the establishment and maintenance of a Settlement Website. [3]

### B.    The Proposed Class Notice

Within fourteen (14) days after entry of the Preliminary Approval Order, Cornell shall provide the Settlement Administrator with a list from its University Registrar's records that

---

[3] *See generally* Declaration of Ana Espinoza of KCC, LLC in Support of Plaintiffs' Motion to Preliminary Approval Class Action Settlement, Certify the Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule a Final Approval Hearing attached as Exhibit 7.

includes the names and last known email address and, if no e-mail address is available, a postal address, to the extent available, belonging to all Potential Settlement Class Members. *See* Ex. 1, at ¶ 17. Shortly after receiving the Class List, the Settlement Administrator will send the Short Form Notice (attached to the Settlement Agreement as Exhibit C) via email or U.S. Mail. S*ee id.*, at ¶ 18. The Short Form Notice shall advise the Potential Settlement Class Members of their rights under the Settlement, including the right to be excluded from and/or object to the Settlement or its terms. The Short Form Notice shall also inform Potential Settlement Class Members that they can access the Long Form Notice on the Settlement Website, which shall be established by the Settlement Administrator. The Long Form Notice shall advise the Potential Settlement Class Members of the procedures specifying how to request exclusion from the Settlement or submit an objection to the Settlement. *See id.*, at ¶ 19.

The Settlement Website will also include the Settlement Agreement, the Long Form Notice, any relevant Court orders regarding the Settlement, and a list of frequently asked questions mutually agreed upon by the Parties. *See id.*, at ¶ 20. Contact information for the Settlement Administrator, including a Toll-Free number, as well as Settlement Class Counsels' contact information will be provided. *Id.* The proposed Long Form Class Notice describes plainly: (i) the terms and effect of the Settlement Agreement; (ii) the time and place of the Final Approval Hearing; (iii) how the recipients of the Class Notice may object to the Settlement; (iv) the nature and extent of the release of claims; (v) the procedure and timing for objecting to the Settlement; and (vi) the form and methods by which Potential Settlement Class Member may either participate in or exclude themselves from the Settlement. *See id.*, Ex. A.

## C.    Monetary Terms

The proposed Settlement Fund is a non-reversionary cash payment of three million dollars ($3,000,000.00). *See id.*, at ¶ 39. In accordance with the Settlement Agreement, the Settlement Administrator shall make deductions from the Settlement Amount for court-approved attorneys' fees and reasonable litigation costs, fees, and expenses for the Settlement Administrator, and any court-approved Service Awards to the Settlement Class Representatives, in recognition of the risks and benefits of their participation and substantial services they performed. *See id.*, at ¶ 40. After all applicable fees and expenses are deducted, the Net Settlement Fund will be allocated equally on a *pro rata* basis to each Settlement Class Member. *Id.*, at ¶ 4. Within sixty (60) days after the Effective Date, the Settlement Administrator will send Settlement Class Members their portion of the Settlement Benefit by check, Venmo, or PayPal. *See id.*, at ¶¶ 7-8. The Settlement Administrator will pay all legally mandated Taxes pursuant to the Escrow Agreement prior to distributing the Settlement Benefit to Settlement Class Members. *See id.*, at ¶ 44. Settlement Class Members shall have one hundred and eighty (180) days from the date of distribution of the checks to cash their check for the Settlement Benefit. Funds and Uncashed Settlement Checks shall be donated, as a *cy pres* award, to the Cornell Access Funds. *Id.*, at ¶¶ 1(kk), 8.

## D.    Dismissal and Release of Claims

The Parties and Settlement Class Members who do not timely and validly opt-out of the Settlement Class will be bound by the terms of the Settlement, including the release and discharge of the Released Claims against the Released Persons. The Released Claims include any claims the Settlement Class Members have now or may have in the future with respect to the University's

moving to an online remote format in the spring semester of 2020 because of COVID-19. *See id.*,

at ¶¶ 10-15. These releases are described in the proposed Long Form Class Notice. *See id.*, Ex. A.

**E.    Proposed Schedule Following Preliminary Approval**

| EVENT | TIMING |
|---|---|
| Mailing of Class Notices | Within fourteen (14) calendar days after entry of Preliminary Approval, Cornell will produce a list of Potential Settlement Class Members to the Settlement Administrator *(Id.*, at ¶ 17).<br><br>Within thirty (30) calendar days after entry of Preliminary Approval, the Settlement Administrator will send the Short Form Notice to Potential Settlement Class Members *(Id.*, at ¶ 18). |
| Deadline for Filing Objections to or Requests for Exclusion from the Settlement | Within forty-five (45) days after the issuance of the Short Form Notice *(Id.*, at ¶¶ 23, 29). |
| Final Approval Hearing | No less than seventy-five (75) days after the Short Form Notice is disseminated *(Id.*, at ¶ 37). |

## ARGUMENT

**A.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED BY THE COURT**

It is well settled in the Second Circuit that to approve a class action settlement, the court

must find that it is "fair, adequate, and reasonable, and not a product of collusion." *Joel A. v.*

*Giuliani,* 218 F.3d 132, 138 (2d Cir. 2000). Fairness is determined upon review of both the terms

of the settlement agreement and the negotiating process that led to such agreement. *Wal–Mart*

*Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 116 (2d Cir.) (citing *D'Amato v. Deutsche Bank,* 236

F.3d 78, 85 (2d Cir.2001)). "A 'presumption of fairness, adequacy, and reasonableness may attach

to a class settlement reached in arm's-length negotiations between experienced, capable counsel

after meaningful discovery.'" *Id.* Indeed, the settlement of class action cases is *strongly encouraged* by the courts. *Id.* at 116–17 (citations omitted). As the Southern District of New York outlined, "[m]ost class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian and German Bank Holocaust Litig.,* 80 F.Supp.2d 164, 174 (S.D.N.Y.2000), *aff'd,* 236 F.3d 78 (2d Cir. 2001).

In evaluating the adequacy of a settlement agreement, courts in this Circuit generally consider the factors enunciated by the Second Circuit in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir.1974). These factors are:

1) The complexity, expense, and likely duration of the litigation;
2) the reaction of the class to the settlement;
3) the stage of the proceedings and the amount of discovery completed;
4) the risks of establishing liability;
5) the risks of establishing damages;
6) the risks of maintaining the class action through the trial;
7) the ability of the defendants to withstand a greater judgment;
8) the range of reasonableness of the settlement fund in light of the best possible recovery; and
9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit,* 495 F.2d at 463. Courts in the Second Circuit interpreted Rule 23 to require a determination of whether the proposed settlement fell "within the range of possible final approval." *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2012 WL 5989763, at *1 (E.D.N.Y. Oct. 24, 2012) ("Preliminary approval is appropriate where the proposal appears to be the product of serious negotiation and further appears to be within the range of possible final approval."); *Chery v. Conduent Educ. Servs., LLC*, No. 1:18-CV-75, 2022 WL 2966439, at *2 (N.D.N.Y. July 26, 2022) (finding the proposed settlement fell within "the range of reasonableness and potential for final approval").

Class Counsel believes the terms of the proposed settlement are fundamentally fair, reasonable, and adequate, especially when considering all the risks associated with litigating this matter further. Further, they believe the Settlement is in the best interests of the Settlement Class. Courts recognize that counsel's judgment is entitled to significant weight. *Thompson v. Cmty. Bank, N.A.*, No. 819CV919MADCFH, 2021 WL 4084148, at *6 (N.D.N.Y. Sept. 8, 2021) ("great weight is accorded to counsel's recommendation") (internal citations omitted).

### 1. Complexity, Expense, and Likely Duration of the Litigation

"Most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *Story v. SEFCU*, No. 118CV764MADDJS, 2021 WL 736962, at *8 (N.D.N.Y. Feb. 25, 2021) (citing *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), aff'd 236 F.3d 78 (2d Cir. 2001)). Here, this Action is part of a genre of cases involving students seeking partial refunds of tuition and mandatory fees brought against universities throughout the country which involves novel claims, include no trial verdict, and has resulted in a mixed bag of results during pre-trial litigation. The Parties have determined that the Settlement is preferable to continuing litigation in this Action since the expense for Cornell's forthcoming motion for summary judgment and the costs for Settlement Class Representative's opposition, along with any other motions that may arise after the Court enters its order on the motion for class certification, would be substantial. Given the anticipated motion practice, which could include motions for reconsideration and appeals, this Action could remain pending for some time. Accordingly, this factor favors preliminarily approving the Settlement.

### 2. Reaction of the Class to the Settlement

Settlement Class Representatives support the Settlement and its preliminary approval. There are currently no objections to the Settlement, and this factor can be addressed fully at the Final Approval Hearing. Thus, this factor favors preliminary approval.

### 3. Stage of the Proceedings and the Amount of Discovery Completed

As noted above, the Parties have engaged in significant discovery and fully briefed several issues. Indeed, Cornell produced a significant number of documents, including financial information that allowed Settlement Class Representatives to develop a comprehensive picture of the damages at issue, as well as Cornell's ability to pay. Joint Decl., at ¶ 23. Class Counsel also considered the voluminous other cases arising out of. COVID-19 school related closures, of which Class Counsel are at the forefront. *See id*., at ¶ 19. Class Counsel's unique insight to this type of litigation, combined with the information obtained from Cornell in this case, fortified Settlement Class Representatives' appreciation of the risks ahead should they proceed with further litigation.

Additionally, the Parties participated in two mediations sessions before two court approved mediators. The participation of these mediators ensured that the settlement negotiations were conducted at arm's length and without collusion between the Parties. See *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in [...] settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure"). For these reasons, this factor also weighs in favor of approval of the Settlement.

### 4. Risks of Establishing Liability and Damages

In considering this factor, "the Court need only assess the risks of litigation against the certainty of recovery under the proposed settlement." *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 459 (S.D.N.Y. 2004); *Baudin v. Res. Mktg. Corp., LLC*, No.

119CV386MADCFH, 2020 WL 4732083, at *8 (N.D.N.Y. Aug. 13, 2020), *on reconsideration in part*, No. 119CV386MADCFH, 2020 WL 6131758 (N.D.N.Y. Oct. 19, 2020). "In assessing the settlement, the Court should balance the benefits afforded to members of the Class and the immediacy and certainty of a substantial recovery for them against the continued risks of litigation." *Castagna v. Madison Square Garden, L.P.*, 2011 WL 2208614, at *6 (S.D.N.Y. June 7, 2021) (citing *Maley v. Del Global Tech Corp.*, 186 F. Supp. 2d 358, 364 (S.D.N.Y. 2002)). Indeed, courts have recognized that "[l]itigation inherently involves risks." *Id.*

Here, class certification has been fully briefed but as the Court has yet to rule on it, there remains risks from both sides regarding the disposition of class certification. Furthermore, Cornell has begun the process of filing a motion for summary judgment, and issues of liability and damages are disputed. While Settlement Class Representatives will vigorously oppose any motion for summary judgment, if filed, they cannot discount the possibility that the Court could grant summary judgment in Cornell's favor. Moreover, there exists competing decisions on these issues in similar cases throughout the country.

Therefore, it is Class Counsel's considered opinion that settlement on the proposed terms at this juncture in the Action, given all the risks involved, is the most prudent course. Evaluated against these risks, $3 million recovery now is an excellent result for the Settlement Class. Accordingly, this factor weighs in favor of preliminarily approving the Settlement.

### 5. Maintaining Class-Action Status through Trial Presents a Substantial Risk

Settlement Class Representatives' ability to maintain class-action status through trial presented a substantial risk in this Action. Although Settlement Class Representatives believe they will prevail on their motion to certify the class, Cornell has opposed the motion. Moreover, even if the motion is granted, Cornell could still move to decertify the class or narrow the class before

trial or on appeal, as class certification may be reviewed at any stage of the litigation. *See Baudin,* No. 119CV386MADCFH, 2020 WL 4732083, at *8 ("the complexity of Plaintiff's claims ipso facto creates uncertainty"); *see also Christine Asia Co. v. Jack Yun Ma*, 2019 WL 5257534, at *13 (S.D.N.Y. Oct. 16, 2019) (stating that this risk weighed in favor of final approval because "a class certification order may be altered or amended any time before a decision on the merits"); Fed. R. Civ. P. 23(c) (authorizing a court to decertify a class at any time). "The risk of maintaining class status throughout trial [] weighs in favor of final approval." *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 CIV. 8713 (PGG), 2010 WL 2399328, at *5 (S.D.N.Y. Mar. 3, 2010).

### 6. Ability of Defendant to Withstand a Greater Judgment

A "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Flores v. Anjost Corp.*, No. 11 Civ. 1531 (AT), 2014 WL 321831, at * 6 (S.D.N.Y. Jan. 29, 2014) (citation omitted); *Kommer v. Ford Motor Co.*, No. 117CV0296LEKDJS, 2020 WL 7356715, at *5 (N.D.N.Y. Dec. 15, 2020) (agreeing defendant could pay a greater judgment "[b]ut by itself, this fact has little significance."). This factor alone is not an impediment to settlement when other factors favor the settlement. *See In re Vitamin C Antitrust Litig.*, No. 06MD–1738 (BMC)(JO), 2021 WL 5289514, at * 6 (E.D.N.Y. Oct. 23, 2021) (acknowledging that "in any class action against a large corporation, the defendant entity is likely to be able to withstand a more substantial judgment, and [...] this fact alone does not undermine the reasonableness of the instant settlement.").

Although Cornell may have the ability to withstand a greater judgment, the outstanding result—a $3 million settlement—is still fair, reasonable, and adequate to compensate the proposed Settlement Class, and weighs in favor of preliminary approval. Notably, courts have approved comparable settlements in factually similar matters in regards to student body and school sizes to

be fair, reasonable, and adequate. *See Choi v. Brown University*, No. 1:20-cv-00191 (D.R.I., 2022) (Court approving settlement for $1.5 million) (Ex. 6.); and *Fittipaldi v. Monmouth University*, No. 3:20-cv-05526, (D. N.J., 2022) (Court approving settlement for $1.3 million).

**7.** **Range of Reasonableness of the Settlement Fund in Light of the Best Possible Recovery and all the Attendant Risks of Litigation**

"The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of Plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987); *Lowe v. NBT Bank, N.A.*, No. 319CV1400MADML, 2022 WL 4621433, at *9 (N.D.N.Y. Sept. 30, 2022) (same). Here, the proposed Settlement confers a substantial and real benefit on the Settlement Class Members in one of a series of novel breach of contract cases arising out of educational institutions' responses to the COVID-19 pandemic as opposed to unclear results and risks of ongoing litigation in this Action given Cornell's forthcoming motion for summary judgment and the Court's decision on class certification. Numerous similar cases have been filed across the country, including in New York, and raised issues that are currently being decided, including: what is a college student's contract with a university and how can one accurately value the economic differences between in person, online, and hybrid-delivered educational services. As can be seen in this Court's detailed and thoughtful motion to dismiss decision, claims in these cases may be dressed in simple breach of contract garb; but they contain novel complexities.

Achieving a meaningful return for affected Cornell students in the near term, while the Second Circuit is still mulling the metes and bounds, and ultimate viability, of these types of class claims, is especially notable in light of the fact that there exists the possibility of recovering nothing at all. The Settlement will result in Settlement Class Members receiving a *pro rata* share of the

Net Settlement Fund based on the ratio of (a) the total number of Potential Settlement Class Members to (b) the total Net Settlement Fund. Ex. 1, at ¶¶ 4-5. The resulting ratio will be multiplied by the Net Settlement Fund to determine each Settlement Class Member's Settlement Benefit. *Id.* Consequently, preliminary approval is warranted.

### 8.    The Remaining Rule 23(e)(2) Factors Support Preliminary Approval

Rule 23(e)(2) requires adequate representation of the class, a settlement negotiated at arm's length, adequate relief to the class, and equitable treatment of class members. Fed. R. Civ. P. 23(e)(2). These factors also support preliminary approval. First, all students have the right to opt-out of this Settlement. *See* Ex. 1, at ¶ 5. Second, Settlement Class Members will receive a *pro rata* share of the Net Settlement Fund based on the ratio of (a) the total number of Potential Settlement Class Members to (b) the total Net Settlement Fund. *Id.*, at ¶¶ 4-5. Further, the Settlement does not unduly grant preferential treatment to anyone. Instead, Settlement Class Representatives are permitted to seek, subject to the Court's approval, a reasonable Service Award that recognizes their efforts in prosecuting and resolving this Action and the risks associated with bringing it. *See id.*, at ¶ 52.

Finally, the provision regarding attorneys' fees is reasonable. Pursuant to the Settlement Agreement, prior to the Objection/Exclusion Deadline, Class Counsel will file a motion seeking an amount not to exceed one-third of the Settlement Amount as a fee award, plus reimbursement of all reasonable litigation expenses incurred. *Id.*, at ¶ 53; *see Kirby v. FIC Restaurants, Inc.*, No. 519CV1306FJSML, 2020 WL 5791582, at *4 (N.D.N.Y. Sept. 28, 2020) quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) ("'(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation ...; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy

considerations.'"). The trend in this Circuit is toward the percentage method, which "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation," *In re Lloyd's Am. Tr. Fund Litig.*, No. 96 CIV.1262 RWS, 2002 WL 31663577, at *25 (S.D.N.Y. Nov. 26, 2002), *aff'd sub nom. Adams v. Rose*, No. 03-7011, 2003 WL 21982207 (2d Cir. Aug. 20, 2003); *see In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 520 (E.D.N.Y. 2003), *aff'd sub nom. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005) ("The trend in the Second Circuit is toward the percentage method."). Irrespective of which method is used, the "*Goldberger* factors" ultimately determine the reasonableness of a common fund fee. *Goldberger*, 209 F.3d at 50; *see, e.g., Kirby*, 2020 WL 5791582, at *4 ("the Court is guided by the factors set out in Goldberger"). Importantly, this fee request is plainly documented in the proposed Short Form and Long Form Class Notices and falls within the scope of the "*Goldberger* factors" as previously stated above. As such, Class Counsel will be fully prepared to substantiate their final fee request after Settlement Class Members have had an opportunity to opine on its propriety.

Thus, all applicable factors support preliminary approval of this proposed Settlement.

**B.      THE COURT SHOULD CERTIFY THE PROPOSED CLASS FOR SETTLEMENT PURPOSES**

**1.      The Rule 23 Class Should Be Certified As Provided For In The Settlement Agreement**

Settlement Class Representatives request that the Court certify the proposed Class for settlement purposes only. These proposed Settlement Class plainly satisfies the four elements of Rule 23(a), and one or more of the requirements of Rule 23(b). Importantly, courts across the country have granted certification when evaluating settlement of analogous claims. *See In re Columbia Univ. Tuition and Fee Action*, Case No. 1:20-cv-03208, Dkt. No. 115 at 3 (JMF)

(S.D.N.Y. Mar. 29, 2022) (final judgment certifying the proposed class for settlement purposes); *Choi et al v. Brown University*, Case No. 1:20-cv-00191-JJM-LDA, Dkt. No. 78 at 2 (D.R.I. Sept. 6, 2022) (preliminarily approving the proposed settlement and conditionally certifying the proposed class); *Wright v. S. New Hampshire Univ.*, 565 F. Supp. 3d 193, 210 (D.N.H. 2021) (granting preliminary approval of the parties' proposed class action settlement and preliminarily certifying the proposed class for settlement purposes); *see also Fittipaldi v. Monmouth University*, No. 3:20-cv-05526, (D. N.J., 2022); *Smith v. Univ. Pennsylvania*, Case No. 2:20-cv-02086-TJS, Dkt. No. 113 (E.D.P.A. 2023). Moreover, Cornell does not oppose certification of the Class for settlement purposes only.

### 2.     Rule 23(a) Requirements Are Satisfied

To certify a class under Rule 23, a plaintiff must establish that the class meets each of the following four requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 357-360 (2011). Here, all four elements are clearly satisfied.

### a.     23(a)(1) - "Numerosity"

The proposed Class is sufficiently numerous. Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23. Here, there are approximately 24,000 students in the Class. *See* Joint Decl., at ¶ 50. The numerosity requirement is therefore amply satisfied.

### b.     Rule 23(a)(2) – "Commonality"

The Settlement Class also satisfies the commonality requirement. Rule 23(a)(2) requires that there be "questions of law or fact common to the class," and that the class members "have suffered the same injury." *Wal-mart Stores*, 564 U.S., at 349-50. The commonality analysis

requires the court to determine (1) whether the class members' claims "will in fact depend on the answers to common questions," *id.*, at 2554, and (2) whether classwide proceedings have the capacity to "'generate common answers apt to drive the resolution of the litigation.'" *id.*, at 2551 (quoting Richard Nagareda, *Class Certification in the Age of Aggregate Proof,* 84 N.Y.U. L.Rev. 97, 132 (2009)); *see also In re Nassau County Strip Search Cases,* 461 F.3d 219, 227 (2d Cir.2006).

Settlement Class Representatives easily satisfy the "low hurdle" of demonstrating commonality. Settlement Class Representatives assert common questions to the Settlement Class that include: (a) whether Cornell accepted money from Settlement Class Members in exchange for the alleged promise to provide services; (b) whether Cornell provided the services for which the Settlement Class Members allegedly contracted; and (c) whether the Settlement Class Members are entitled to a refund for that portion of the services that was allegedly not delivered. These common questions, which target the same alleged misconduct by Cornell, satisfy Rule 23(a)(2). As such, the Settlement Class raises common questions of law and fact, which arise from a common nucleus of operative facts with respect to their claims against Cornell.

### c. Rule 23(a)(3) – "Typicality"

Rule 23(a)(3) requires that Settlement Class Representatives' claims be typical of the class. "Rule 23(a)(3) is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992).

Settlement Class Representatives' experiences were typical of all other students. Settlement Class Representatives and each member of the Settlement Class enrolled as on-campus students of Cornell, registered for in-person classes, paid money in exchange for in-person

education and access to on-campus facilities and services that were denied when Cornell closed its campus in Spring 2020. Joint Decl., at ¶ 15. Moreover, the members of the proposed Class have no individual interests in controlling the litigation because, unlike a tort claim, all of their claims share a common set of facts. As such, the Settlement Class Representatives' claims are typical of the claims of members of the proposed class.

### d.        Rule 23(a)(4) – "Adequacy"

The final requirement of Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation requires that the class representative's attorney be qualified, and that the class representative not have interests conflicting with the class in the litigation at hand. *Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Plummer v. Chemical Bank,* 668 F.2d 654, 658 (2d Cir.1982). The determination of adequacy "typically entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced, and able to conduct the litigation." *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007) (internal citations omitted).

Here, adequacy is readily met, and Settlement Class Representatives satisfy both prongs. First, Settlement Class Representatives have no interests adverse or antagonistic to Settlement Class Members. Settlement Class Representatives seek to hold Cornell accountable for, among other things, allegedly failing to refund the portion of tuition, fees, and room and board associated with the portion of the Spring 2020 semester its campus was restricted. Further, Settlement Class Representatives have demonstrated allegiance and commitment to the Action. Joint Decl., at ¶¶ 51, 53. As such, Settlement Class Representatives' interests are perfectly aligned with the interests of the Settlement Class, thereby meeting the first adequacy prong. Second, Class Counsel is

qualified, experienced, and competent in complex litigation, and have an established, successful track record in class litigation – including analogous cases to that here. *See* Joint Decl., at ¶ 17; *id.*, at Exs. 2-5. Further, this Court has already appointed Poulin Willey Anastopoulo and determined they were qualified as lead counsel for this action in an interim role while litigation was ongoing. Dkt. No. 32. Accordingly, the adequacy requirement is satisfied.

### e. Rule 23(b) Requirements Are Satisfied Here

Under Rule 23(b)(3), a class action should be certified when the court finds that common questions of law or fact predominate over individual issues and a class action would be superior to other methods of resolving the controversy. Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 594, 623 (1997). "At bottom, the superiority analysis requires (1) consideration of the alternative methods of adjudication available for the claims, (2) a comparison of the fairness to all whose interests are implicated between any alternative methods and a class action, and (3) a comparison of the efficiency of each method in adjudicating the claims." *Atakhanova v. Home Fam. Care, Inc.*, No. 16-CV-6707(KAM)(RML), 2020 WL 4207437, at *9 (E.D.N.Y. July 22, 2020) quoting 1 Joseph M. McLaughlin, McLaughlin on Class *Actions* § 5:63 (16th ed. 2019). "Superiority requires the court "to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative methods of adjudication." *In re Prudential Ins. Co. of Am. Sales Prac. Litig. Agent Actions,* 148 F.3d 283, 316 (3d Cir. 1998). Here, Settlement Class Representatives readily meet both requirements.

Rule 23(b)(3)'s "predominance requirement is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the

issues subject only to individualized proof." *Id*., at 118 (internal quotation omitted). As the Supreme Court recently explained, Rule 23(b)(3) "does *not* require a plaintiff seeking class certification to prove that each element of her claim is susceptible to class proof," only "that common questions *predominate* over any questions affecting only individual class members." *See Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 467 (2013) (alterations omitted).

Here, the common issues that exist in this case—whether Cornell breached its contracts with Settlement Class Representatives and the Settlement Class by failing to provide them with in-person, on-campus instruction, educational services, and use of facilities after March of 2020—clearly predominate over any individual issues that may exist. Each Settlement Class Member suffered the same harm for the same amount of time due to the same actions or inactions of Cornell. Further, the alleged contractual arrangements between each of Cornell's students and Cornell—receiving in-person, on-campus instruction, educational services, and use of on-campus facilities—are effectively identical. Similarly, the nature of Cornell's alleged breach is the same for each member of the Settlement Class, regardless of their academic major, scholarships, or any other ancillary criteria.

Second, courts must weigh the following factors to determine whether a class action is superior to other alternative methods of adjudication: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)–(D).

In the present case, each factor weighs in favor of superiority. Settlement Class Representatives and the other Settlement Class Members, due to Cornell's alleged misconduct,

experienced almost identical circumstances. Seeing that these cases involve a relatively small amount of damages compared to the enormous investment of time and money that it will take to litigate them, individual Settlement Class Representatives have little interest in and gain little benefit from initiating separate actions, and individual lawsuits would needlessly waste judicial resources as each lawsuit would likely involve the same evidence concerning Cornell's alleged wrongdoing. Indeed, this proposed Settlement effectively resolves approximately 24,000 students' lawsuits. Ex. 1, at ¶ 10; *see* Joint Decl., at ¶ 41. Accordingly, the Court should enter an order certifying the Settlement Class.

## C. THE PROPOSED SETTLEMENT NOTICE TO THE CLASS SHOULD BE APPROVED

"Rule 23(e)(1)(B) requires the Court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." MANUAL FOR COMPLEX LITIGATION, §21.312. Under Rule 23(e)(1)(B), "the court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Where, as here, notice is to be provided to a settlement class that is proposed to be certified under Rule 23(b)(3), the Court is required to "direct to class members the best notice that is practicable under the circumstance[s]." Fed. R. Civ. P. 23(c)(2)(B). This includes "individual notice to all members who can be identified through reasonable effort." *Id.* Notice may be made by "United States mail, electronic means, or other appropriate means." *Id.* "The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Wal-Mart Stores*, 396 F.3d at 113-14. The Court must also ensure that the proposed notice is substantively reasonable. "Under Rule 23(c)(2)(B), the notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv)

that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *Richard v. Glens Falls Nat'l Bank*, No. 120CV00734BKSDJS, 2022 WL 1102451, at *3 (N.D.N.Y. Apr. 13, 2022) quoting Fed. R. Civ. P. 23(c)(2)(B).

Here, the Short Form and Long Form Notices are clear and concise while providing all necessary information as required. *See* Ex. 1, at Exs. A and C. The Parties proposed notice plan includes email (where available), direct mail (where email is not available), and posting on Cornell's own website a link to the Settlement Website. Information can likewise be found by calling a toll-free number or visiting the Settlement Website. This comprehensive notice plan is intended to fully inform Potential Settlement Class Members of the proposed Settlement, and the information they require in order to make informed decisions about their rights. Accordingly, this Court should approve the form of notice and the method of publication that Settlement Class Representatives propose as they satisfy the due process requirements of Fed. Civ. P. 23.

## D.   LYNCH CARPENTER, LLP AND POULIN | WILLEY | ANASTOPOULO, LLC SHOULD BE APPOINTED AS CLASS COUNSEL

Fed. R. Civ. P. 23(g) requires the Court to examine the capabilities and resources of counsel to determine whether they will provide adequate representation to the class. Class Counsel – Lynch Carpenter, LLP; Poulin | Willey | Anastopoulo, LLC (formerly known as Anastopoulo Law Firm LLC); Cherundolo Law Firm, PLLC; and Toptani Law, PLLC – easily meet the requirements of Rule 23(g). *See* Exs. 2-5 (firm resumes). Importantly, Settlement Class Representatives are represented by counsel experienced in class action litigation including directly analogous cases. Indeed, these firms were appointed class counsel in a substantially similar matters, as well as interim    class    counsel    in    this    action.    *See*    Dkt.    No.    32;    Joint    Decl.,    at

¶¶ 2, 17. Moreover, Class Counsel's work in this case on behalf of the Settlement Class Representatives and the proposed class and collective has been substantial. Joint Decl., at ¶¶ 19-22. As such, this Court should not hesitate in appointing the foregoing firms as Class Counsel.

## CONCLUSION

The proposed Settlement is fair, reasonable, and adequate. Thus, Settlement Class Representatives respectfully request, for all the reasons set forth above, that preliminary approval be granted, and the Court enter the Preliminary Approval Order so as to permit the Parties to effectuate notice to the Potential Settlement Class Members.

Dated: March 6, 2023

Respectfully Submitted

*/s/ (Eddie) Jae K. Kim*
(Eddie) Jae K. Kim*
**LYNCH CARPENTER LLP**
117 East Colorado Blvd.
Suite 600
Pasadena, CA 91105
Phone: 626.550.1250
Email: ekim@lcllp.com

Blake G. Abbott (702408)
Paul J. Doolittle (*Pro Hac Vice*)
Eric M. Poulin (701819)
Roy T. Willey, IV (701818)
**POULIN | WILLEY |**
**ANASTOPOULO, LLC**
32 Ann Street Charleston, SC 29403
(P): (843) 614-8888
(F): (843) 494-5536
Email: eric@akimlawfirm.com
roy@akimlawfirm.com
blake@akimlawfirm.com
pauld@akimlawfirm.com

**CHERUNDOLO LAW FIRM, PLLC**
John C. Cherundolo (101339)
AXA Tower II, Suite 1600
120 Madison St.
Syracuse, New York 13202

**LYNCH CARPENTER LLP**
Gary F. Lynch*
Edward W. Ciolko*
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Email: gary@lcllp.com
        eciolko@lcllp.com

Edward Toptani
**TOPTANI LAW OFFICES**
375 Pearl St Ste 1410
New York, NY 10038
(P): 212-699-8930
(F): 212-699-8939
Email: edward@toptanilaw.com

ATTORNEYS FOR PLAINTIFFS
*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ (Eddie) Jae K. Kim*
(Eddie) Jae K. Kim
