Exhibit 1

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") is made and entered into by and among the following parties, as hereinafter defined: (1) Alec Faber and Ahnaf Rahman (together, "Plaintiffs" or "Named Plaintiffs"), on behalf of themselves and the Settlement Class, by and through Class Counsel in this Action; and (2) Cornell University ("Cornell"), by and through its attorneys of record in this Action. The Named Plaintiffs and Cornell are each a "Party" and, collectively, the "Parties."

## RECITALS

On April 23, 2020, Olivia Haynie commenced a putative class action against Cornell, entitled *Haynie v. Cornell University*, Case No. 3:20-CV-0467-MAD-ML, alleging breach of contract, unjust enrichment, and conversion stemming from Cornell's transition to online learning in response to the COVID-19 pandemic during the Spring 2020 semester, and seeking partial refunds of tuition and certain mandatory fees. *See* Dkt. No. 1. On April 25, 2020 and May 31, 2020, Named Plaintiffs Alec Faber and Ahnaf Rahman, respectively, filed similar class action complaints against Cornell. *See Faber v. Cornell University*, No. 3:20-CV-471, Dkt. No. 1 (N.D.N.Y.); *Rahman v. Cornell University*, No. 3:20-CV-592, Dkt. No. 1 (N.D.N.Y.). On August 18, 2020, Plaintiffs thereafter filed a motion to consolidate these actions. *See* Dkt. No. 27. The motion to consolidate was granted on October 13, 2020, and Plaintiffs filed an amended consolidated complaint on October 27, 2020. *See* Dkt. Nos. 32, 33. In the amended consolidated complaint, Emilio Espejo was added as a putative class representative. *See* Dkt. No. 33. On October 29, 2020, Ms. Haynie voluntarily dismissed her claim. *See* Dkt. Nos. 36, 37.

On November 10, 2020, Cornell filed a motion to dismiss the amended consolidated complaint. *See* Dkt. No. 38. After full briefing and oral argument, the Court issued an order on

March 3, 2021, dismissing Mr. Espejo, a parent of a student, based on lack of standing. *See* Dkt. No. 54. Further, the Court denied Cornell's motion to dismiss with regards to Plaintiffs' breach of contract claims relating to tuition and fees, while granting the motion as to Plaintiffs' claims regarding room and board, unjust enrichment, conversion, and violations of the New York General Business Law. *See id*. Cornell promptly filed a motion for partial reconsideration of this order. *See* Dkt. No. 57. While the Parties awaited decision on the reconsideration motion, they began exchanging discovery requests and responses.

On August 18, 2021, with the reconsideration motion still pending, the Parties participated in a court-ordered mediation, which was not successful in resolving this case. *See* Dkt. No. 83. On October 25, 2021, the Court issued an order on the aforementioned motion for reconsideration, dismissing Plaintiffs' first cause of action for breach of contract with respect to the tuition claim, leaving only the breach of contract claim with respect to certain fees to be resolved through litigation. *See* Dkt. No. 98. After engaging in further discovery, the Parties participated in a second mediation on June 9, 2022, which was also unsuccessful.

Discovery was completed, including depositions of Plaintiff Ahnaf Rahman on August 13, 2022 and Plaintiff Alec Faber on August 26, 2022, as well as multiple Cornell employees in September 2022 pursuant to Rule 30(b)(6), including Cornell's Dean of Students, Associate Dean for Administration and Finance in Student and Campus Life, Director of Finance and Operations in Student and Campus Life, Director of Campus Activities, and Director of Administrative Services in Cornell Health. Cornell disclosed an expert witness, who was deposed by Plaintiffs on October 27, 2022.

On October 4, 2022, Plaintiffs moved to certify a proposed class defined as "[a]ll students who enrolled at Cornell University and paid a Student Health Fee and/or Student Activity Fee for

DocuSign Envelope ID: E8D80414-C6B3-417A-92DC-173E159253C8

the Spring 2020 semester." *See* Dkt. No. 132. Cornell opposed Plaintiffs' motion. *See* Dkt. No. 137. While the motion for class certification was fully briefed, but not yet argued or decided, the Parties reinitiated settlement discussions, and reached this class-wide settlement.

On December 9, 2020, the Parties informed the Court that they had reached a settlement in principle, *see* Dkt. No. 150, and subsequently negotiated the written terms of this Settlement Agreement and its supporting exhibits.

At all times, Cornell has continued to deny all allegations of wrongdoing and has denied and continues to deny that it committed, or attempted to commit, any breach of contract or other wrongful act or violation of law or duty that is, or was prior to motion practice dismissing certain claims, alleged in the Action. Nevertheless, taking into account the uncertainty and risks inherent in litigation generally and the certainty of a negotiated settlement, including the benefits that current and former students will receive therefrom, Cornell considers it desirable to resolve the Action on the terms and conditions stated herein to avoid further expense, burden, and distraction from its educational mission. Therefore, Cornell has determined that resolution on the terms and conditions set forth herein is in the best interests of all members of the Cornell community.

As more fully explained below, neither the Settlement nor any actions taken to carry out the Settlement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability by any person or entity, or of the validity of any claim, defense, or any point of fact or law by any Party. All such liability is expressly denied. Neither the Settlement, nor the fact of settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault, breach, or omission by Cornell, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by Cornell in any action or proceeding.

DocuSign Envelope ID: E8D80444-C6B3-417A-92DG-173E159253C8

Although the Parties have agreed that a class may be certified for purposes of the Settlement, such certification shall not be binding or have any legal effect if the Settlement is terminated, if the Settlement is ultimately not approved, or if, through the efforts of an objecting class member, the approval is reversed or modified on appeal. Cornell reserves all of its objections to class certification for litigation purposes and does not consent to certification of the proposed Settlement Class for any purpose other than to effectuate the Settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, by and through their respective counsel, that subject to final approval of the Court, after a hearing as provided for in the Settlement pursuant to Federal Rule of Civil Procedure 23(e), and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in the Settlement.

## DEFINITIONS

1.      As used in this Settlement Agreement, the following terms have the meanings specified below:

(a)      **"Action"** means *Alec Faber and Ahnaf Rahman, on behalf of themselves and all other similarly situated v. Cornell University*, Civil Action No. 3:20-cv-00467 (N.D.N.Y.), and includes all actions consolidated therein.

(b)      **"Administrative Expenses"** means: (a) the costs, fees, and expenses that are incurred by the Settlement Administrator in connection with providing notice to the Settlement Class and administering the Settlement, including but not limited to, distributing the Net

DocuSign Envelope ID: E8D80414-C6B3-417A-92DG-177E1E9253C8

Settlement Fund to the Settlement Class Members; (b) fees and expenses incurred in connection with the Escrow Account; and (c) Taxes.

(c)　　**"Service Award"** means any payment from the Settlement Fund granted by the Court to the Settlement Class Representatives.

(d)　　**"Class Counsel"** means, collectively, the law firms of Lynch Carpenter, LLP; Poulin | Willey | Anastopoulo, LLC (formerly known as Anastopoulo Law Firm LLC); Cherundolo Law Firm, PLLC; and Toptani Law Offices.

(e)　　**"Cornell's Counsel"** means Jenner & Block LLP.

(f)　　**"Court"** means the United States District Court for the Northern District of New York, the Honorable Mae D'Agostino presiding.

(g)　　**"Effective Date"** means the first date after which all of the following events and conditions have been met or have occurred: (i) the Parties' counsel have executed the Settlement; (ii) the Court has entered the Preliminary Approval Order; (iii) the Court has entered the Final Judgment; and (iv) the Final Judgment becomes Final.

(h)　　**"Escrow Agent"** means the Settlement Administrator.

(i)　　**"Fee Award"** means the amount of attorneys' fees awarded by the Court to Class Counsel from the Settlement Fund.

(j)　　**"Final"** (with respect to a judgment or any other court order) means: (i) if no appeal is taken, the expiration of the time to file a notice of appeal under the Federal Rules of Appellate Procedure; or (ii) if an appeal is taken from the judgment or order, the latest of: (1) the date of final dismissal of any such appeal, or the final dismissal of any proceeding on certiorari or otherwise; or (2) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of

certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

(k)    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment approving the Settlement to be entered by the Court and the Court will determine the Fee Award and the Service Awards, if any, and award any Litigation Expenses to Class Counsel.

(l)    **"Final Judgment"** means the order (or orders) granting final approval of the Settlement and entering final judgment.

(m)    **"Litigation Expenses"** means costs and expenses incurred by Class Counsel in connection with commencing, litigating, and settling the Action.

(n)    **"Long Form Notice"** means the Notice of Class Action Settlement and Hearing, substantially in the form attached hereto as Exhibit A.

(o)    **"Net Settlement Fund"** means the Settlement Fund less any (i) Administrative Expenses, (ii) Fee Award and Litigation Expenses, and (iii) Service Awards.

(p)    **"Potential Settlement Class"** means all students enrolled in a degree-bearing Cornell program for the Spring 2020 semester, with the exception of: (i) any person who withdrew from Cornell on or before March 1, 2020; and (ii) any person enrolled for the Spring 2020 semester solely in a program that, at the beginning of the Spring 2020 semester, was to be delivered as an online program.

(q)    **"Potential Settlement Class Member"** means a person who falls within the definition of the Potential Settlement Class as set forth above in Paragraph 1(p).

(r)    **"Preliminary Approval Order"** means an order granting preliminary approval of the Settlement, substantially in the form attached hereto as Exhibit B.

(s)     **"Released Claims"** means any and all suits, claims, controversies, rights, agreements, promises, debts, liabilities, accounts, reckonings, demands, damages, judgments, obligations, covenants, contracts, costs (including, without limitation, attorneys' fees and costs), losses, expenses, actions, or causes of action of every nature, character, and description, in law or in equity, that any Releasing Party ever had, or has, or may have in the future, upon or by reason of any matter, cause, or thing whatever from the beginning of the world to the Effective Date, arising out of, concerning, or relating in any way to Cornell's transition to virtual education or other services as a result of the COVID-19 pandemic beginning in March 2020, or the implementation or administration of such virtual education or other services. This definition includes but is not limited to all claims that were brought or could have been brought in the Action.

(t)     **"Released Cornell Parties"** means Cornell and all of its present, future, and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former officers, directors, trustees, academic affiliates, employees, faculty members, students, agents, representatives, attorneys, outside counsel, predecessors, successors, and assigns.

(u)     **"Released Parties"** means each and any of the Released Cornell Parties and each and any of the Released Settlement Class Parties.

(v)     **"Released Settlement Class Parties"** means the Settlement Class Representatives, Class Counsel, and all other Settlement Class Members, and each of their respective present, future, and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to Cornell on their behalf.

DocuSign Envelope ID: E8D80414-C6B3-417A-92DC-173E159253C8

(w)    **"Releasing Cornell Parties"** means Cornell and all of its present, future, and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former predecessors, successors, and assigns.

(x)    **"Releasing Parties"** means each and any of the Releasing Cornell Parties and each and any of the Releasing Settlement Class Parties.

(y)    **"Releasing Settlement Class Parties"** means the Settlement Class Representatives, Class Counsel, and all other Settlement Class Members, and each of their respective present, future, and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to Cornell on their behalf.

(z)    **"Settlement"** means the settlement described in this Settlement Agreement.

(aa)   **"Settlement Administrator"** means KCC, LLC.

(bb)   **"Settlement Amount"** means the three million dollars ($3,000,000.00) in total consideration, inclusive of Administrative Expenses, Service Awards, Fees, Litigation Expenses, and Settlement Benefits, to be paid by Cornell.

(cc)   **"Settlement Benefit"** means each Settlement Class Member's share of the Net Settlement Fund.

(dd)   **"Settlement Class"** means all students enrolled in a degree-bearing Cornell program for the Spring 2020 semester, with the exception of: (i) any person who withdrew from Cornell on or before March 1, 2020; (ii) any person enrolled for the Spring 2020 semester solely in a program that, at the beginning of the Spring 2020 semester, was to be delivered as an online program; (iii) any person who executes and files a proper and timely opt-out request to be excluded

from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

(ee)    **"Settlement Class Member"** means a person who falls within the definition of the Settlement Class as set forth above in Paragraph (dd).

(ff)    **"Settlement Class Representatives"** means Named Plaintiffs Alec Faber and Ahnaf Rahman.

(gg)    **"Settlement Fund"** means the Settlement Amount plus any and all interest earned thereon.

(hh)    **"Settlement Website"** means the website established by the Settlement Administrator to aid in administering the Settlement.

(ii)    **"Short Form Notice"** means the notice provided for in Paragraphs 18–19, substantially in the form attached hereto as Exhibit C.

(jj)    **"Taxes"** means (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the reasonable expenses and costs incurred in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, the reasonable expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(kk)    **"Uncashed Settlement Checks"** means any checks sent to Settlement Class Members that remain uncashed after a period of one hundred and eighty (180) days from the date of issuance.

2.    The word "or" means "and/or."

3.    The plural includes the singular and vice versa.

DocuSign Envelope ID: E8D80444-C6B3-417A-93DC-1751E9253G9

## MONETARY RELIEF TO SETTLEMENT CLASS MEMBERS

4.      The Net Settlement Fund will be distributed equally on a pro rata basis to the Settlement Class Members.

5.      To the extent that a Potential Settlement Class Member properly executes and timely files an opt-out request to be excluded from the Settlement Class, the amount that would have been distributed to such Potential Settlement Class Member had they not filed an opt-out request will instead be distributed to Settlement Class Members, in equal amounts to each Settlement Class Member.

6.      Each Settlement Class Member's Settlement Benefit will be distributed to that Settlement Class Member automatically, with no action required by that Settlement Class Member.

7.      Settlement Class Members will be paid by a check issued by the Settlement Administrator, and the check will be mailed by first class U.S. Mail by the Settlement Administrator to the Settlement Class Member's last known mailing address on file with the University Registrar. The Settlement Administrator will also provide a payment election email as well as a form on the Settlement Website that Settlement Class Members may visit to (a) provide an updated address for sending a check; (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check; or (c) elect to donate the Settlement Benefit into Cornell's Student Access Fund, for allocation to current Cornell students in accordance with existing guidelines and procedures.   Settlement Class Members must make any such selection to the Settlement Administrator no later than forty-five (45) days after the Effective Date.

8.      The Settlement Administrator will send the Settlement Benefits to Settlement Class Members within sixty (60) days of the Effective Date. Funds for Uncashed Settlement Checks shall be donated, as a cy pres award, to Cornell's Student Access Fund.

9.      Any payments under this Settlement that go to Cornell's Student Access Fund—whether through elected donations or though Uncashed Settlement Checks—will not serve to reduce Cornell's ordinary contributions to that fund.

## RELEASE

10.     The Releasing Settlement Class Parties shall be deemed to have, and by operation of law and of the Final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims against the Released Cornell Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Cornell Parties.

11.     The Releasing Cornell Parties shall be deemed to have, and by operation of law and of the Final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims against the Released Settlement Class Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Settlement Class Parties.

12.     The Released Claims include any unknown claims that reasonably could have arisen out of the same facts alleged in the Action that the Releasing Parties do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their decision to agree to the Settlement, their decision to release the Released Claims, or their decision not to object to the Settlement.

13.     With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the

DocuSign Envelope ID: F8D80444-C6B3-417A-93DC-1751E9253G8

provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR THE RELEASING PARTY.

14.    The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, for damages, injunctive relief, rescission, disgorgement, or restitution or any other right, remedy, or relief of every nature and description whatsoever, whether based on federal, state local, statutory, or common law or any other law, rule, or regulation, including the law of any jurisdiction outside the United States, that were brought or could have been brought in this Action without regard to subsequent discovery or the existence of different or additional facts.

15.    The Releasing Settlement Class Parties agree not to commence any legal or administrative action against any Released Cornell Party with respect to any Released Claim, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum. The Releasing Cornell Parties agree not to commence any legal or administrative action against any Released Settlement Class Party with respect to any Released Claim, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

## CAFA NOTICE

16.     Cornell shall provide the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") no later than ten (10) days following the filing of the Settlement with the Court. Cornell is solely responsible for the fees and costs associated with the CAFA notice. Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Cornell shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

## CLASS NOTICE

17.     Within fourteen (14) days of the entry of the Preliminary Approval Order, Cornell will produce to the Settlement Administrator a list from the University Registrar's records that includes the names and last known email and postal addresses, to the extent available, belonging to all Potential Settlement Class Members (the "Class List"). The Class List will be provided to the Settlement Administrator for the sole purpose of the Settlement Administrator performing its obligations pursuant to the Settlement and shall not be used for any other purpose at any time. No charge to the Settlement Class or Settlement Fund will be made by Cornell for collection and provision of this information.[1]

---

[1] Consistent with the requirements of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99 (collectively, "FERPA"), and Cornell's policies, Cornell may disclose directory information to the Settlement Administrator. *See* 34 C.F.R. § 99.37; Cornell's Student Record Privacy Statement: Annual Notification under FERPA, published in the 2019-2020 Courses of Study at https://courses.cornell.edu/content.php?catoid=36&navoid=9245. Moreover, any order granting preliminary or final approval of the Settlement shall constitute a judicial order within the meaning of FERPA, *see* 34 C.F.R. § 99.31(a)(9)(i), and the Settlement and the Court's order shall constitute specific notice of Cornell's intention to comply with that order, *see* 34 C.F.R. § 99.31(a)(9)(ii).

DocuSign Envelope ID: F8D80444-C6B3-417A-93DC-1751E9253G9

18.     Following the entry of the Preliminary Approval Order, the Settlement Administrator shall send the Short Form Notice substantially in the form attached hereto as Exhibit C via email to persons listed on the Class List. If an email address is not available for a Potential Settlement Class Member, the Short Form Notice will be sent to the Potential Settlement Class Member's last known mailing address via U.S. mail. Unless adjusted by Court order, the sending or mailing of the Short Form Notice shall be completed within thirty (30) days after the entry of the Preliminary Approval Order.

19.     The Short Form Notice shall advise the Potential Settlement Class Members of their rights under the Settlement, including the right to be excluded from and/or object to the Settlement or its terms. The Short Form Notice shall also inform Potential Settlement Class Members that they can access the Long Form Notice on the Settlement Website, which the Long Form Notice shall advise the Potential Settlement Class Members of the procedures outlined in Paragraphs 23–28 and 29-31 specifying how to request exclusion from the Settlement or submit an objection to the Settlement.

20.     No later than fourteen (14) days after the entry of the Preliminary Approval Order, and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website. The Settlement Website will allow Settlement Class Members to provide an updated mailing address to receive a paper check, to elect to receive their Settlement Benefit via Venmo or PayPal, or to elect to donate their Settlement Benefit into Cornell's Student Access Fund, for allocation to current Cornell students in accordance with existing guidelines and procedures. The Settlement Website shall include, in downloadable format, the following: (i) the Long Form Notice; (ii) the Preliminary Approval Order; (iii) the Settlement Agreement (including all of its exhibits); (iv) a Question and Answer section agreed to in good faith by the Parties

anticipating and answering Settlement related questions from prospective class members; (v) contact information for the Settlement Administrator, including a Toll Free number, and (iv) any other materials agreed upon by the Parties and/or required by the Court.

21.    No later than fifteen (15) days after the entry of the Preliminary Approval Order and until the date the Final Judgment is entered, Cornell will provide a link to the Settlement Website at https://www.Cornell.edu. No later than thirty (30) days after the entry of the Preliminary Approval Order, Cornell will publish the Short Form Notice as an advertisement once in the Cornell Chronicle, or a publication with comparable reach.

22.    Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions of the Preliminary Approval Order concerning the distribution of the Short Form Notice to the Settlement Class.

## REQUESTS FOR EXCLUSION

23.    A Potential Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator, in care of the address provided in the Long Form Notice, postmarked no later than forty-five (45) days after the issuance of the Short Form Notice (the "Objection/Exclusion Deadline"), which date shall be included in the Short Form Notice and on the dedicated Settlement Website.

24.    The written request for exclusion must:

(a)    include a statement requesting exclusion from the Settlement Class;

(b)    be personally signed by the Potential Settlement Class Member; and

(c)    include the caption for the Action and the Potential Settlement Class Member's name, address, telephone number, and email address.

25.     A request to be excluded from the Settlement Class that does not include all of the foregoing information in Paragraph 24, that is sent to an address other than that designated in the Long Form Notice, or that is not postmarked or received within the time specified, shall be invalid, and any individual sending such request shall be deemed to remain in the Settlement Class and shall be bound as a Settlement Class Member by the Settlement, if approved by the Court. Any Potential Settlement Class Member who properly elects to be excluded, in compliance with the requirements set forth in Paragraphs 23–24, shall not: (a) be bound by any orders of the Court or the Final Judgment; (b) be entitled to a Settlement Benefit; (c) gain any rights by virtue of the Settlement; or (d) be permitted to object to any aspect of the Settlement.

26.     A request to be excluded from the Settlement Class must be personal. Any particular Potential Settlement Class Member may not purport to opt other Potential Settlement Class Members out of the Settlement Class on a class, subclass, or other representative basis.

27.     For the avoidance of doubt, a Settlement Class Member's election to donate the Settlement Benefit to Cornell's Student Access Fund per Paragraph 7 does not constitute a request for exclusion.

28.     Cornell has the right to audit the exclusion process for evidence of fraud or error, and the Court will be the final arbiter of an exclusion's validity.

## OBJECTIONS BY SETTLEMENT CLASS MEMBERS

29.     Any Settlement Class Member may submit a written objection to the Settlement, the Service Awards, and/or the Fee Award. The Settlement Class Member must mail their written objection(s) to the Clerk of Court with a postmark no later than the Objection/Exclusion Deadline. Copies must also be sent at the same time via mail to Class Counsel and Cornell's Counsel at the addresses set forth below in Paragraph 72.

30.     The written objection(s) must:

(a)     state that the person objecting is a Settlement Class Member;

(b)     include the name, address, email, and telephone number of the Settlement Class Member objecting;

(c)     be personally signed by the objecting Settlement Class Member;

(d)     contain a statement that includes all objections, provides whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and provides the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); and

(e)     include a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel.

31.     Any Settlement Class Member who fails to comply with the terms of Paragraphs 29-30 shall not be permitted to object to the Settlement, the Service Awards, and/or the Fee Award at the Final Approval Hearing; shall be foreclosed from seeking any review of the Settlement, the Service Awards, and/or the Fee Award by appeal or other means; and shall be deemed to have waived their objection(s) and be forever barred from making any such objection(s) in the Action or any other related action or proceeding.

## SETTLEMENT ADMINISTRATION

32.     The Settlement Administrator shall administer the Settlement and shall act under Class Counsel's supervision and subject to the jurisdiction of the Court. Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund, subject to Court approval.

33.     The Settlement Administration shall:

(a)    send Short Form Notice to the Potential Settlement Class Members, as described in Paragraph 20;

(b)    establish the Settlement Website as described in Paragraph 21;

(c)    serve as Escrow Agent for the Settlement Fund;

(d)    forward to Class Counsel, with copies to Cornell's Counsel, all documents and other materials received in connection with the administration of the Settlement promptly upon receipt;

(e)    receive requests for exclusion and other requests from the Potential Settlement Class Members, including any requests received after the Objection/Exclusion Deadline, and promptly upon receipt provide a copy of such requests to Class Counsel and Cornell's Counsel;

(f)    provide weekly reports to Class Counsel and Cornell's Counsel, including without limitation, reports regarding any requests for exclusion received;

(g)    make available for inspection by Class Counsel and Cornell's Counsel any documentation related to the Settlement submitted to the Settlement Administrator, and any correspondence related to the Settlement sent or received by the Settlement Administrator, at any time upon reasonable notice;

(h)    provide reports and other information to the Court as the Court may require; and

(i)    undertake other administrative tasks in a rational, responsive, cost-effective, and timely manner.

34.    The Settlement Administrator shall keep confidential the Class List and all personal information, including the identity and contact information of the Potential Settlement Class

Members. The Parties agree that this information may not be used for any purpose other than effectuating the terms of the Settlement or the duties or obligations arising hereunder.  The parties further agree that notwithstanding anything else in this Settlement Agreement, the Settlement Administrator shall not disclose to Class Counsel any information provided to it by Cornell that is protected by FERPA, including student identifying information other than student names and email addresses which are designated pursuant to Cornell's Annual Privacy Notification as directory information.

35.     The Settlement Administrator shall maintain reasonably detailed records of its activities under the Settlement, including all such records as are required by applicable law, in accordance with its normal business practices, which will be made available to Class Counsel and Cornell's Counsel for inspection upon request. Should the Court request, Class Counsel, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator.

## SETTLEMENT APPROVAL ORDER AND FINAL APPROVAL ORDER

36.     No later than March 6, 2023, in coordination with Cornell's Counsel, Class Counsel will move for preliminary approval of the Settlement, provisional certification of the Settlement Class for settlement purposes only, appointment of Named Plaintiffs as Settlement Class Representatives, appointment of Class Counsel as counsel for the Settlement Class, and the scheduling of the Final Approval Hearing. Concurrently with the motion for preliminary approval, Class Counsel shall apply to the Court for, and Cornell shall agree to, entry of the proposed Preliminary Approval Order, substantially in the form attached hereto as Exhibit B.

DocuSign Envelope ID: E8D80444-C6B3-417A-93DC-1751E9253G8

37.     At the time of the submission of the Settlement to the Court as described above, Class Counsel shall request that the Court hold a Final Approval Hearing, which shall be held no less than seventy-five (75) days after the Short Form Notice is disseminated.

38.     After the Short Form Notice is disseminated, and no later than ten (10) days before the Final Approval Hearing, Class Counsel, in coordination with Cornell's Counsel, shall request that the Court submit a Final Judgment, substantially in the form attached hereto as Exhibit D, which will, among other things:

(a)     approve the Settlement as fair, reasonable, and adequate to the Settlement Class, and direct consummation of the Settlement in accordance with the terms and provisions of the Settlement;

(b)     fully and finally dismiss the Action with prejudice, and without costs (except as may be provided herein) to any Party as against any other;

(c)     incorporate the releases set forth above in Paragraphs 10-15, make the releases effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

(d)     approve the manner of distribution of the Net Settlement Fund and order that payments be made to Settlement Class Members only in accordance with same;

(e)     award Class Counsel from out of the Settlement Fund such Fee Award and Litigation Expenses as the Court may allow;

(f)     award the Settlement Class Representatives from out of the Settlement Fund such Service Awards as the Court may allow; and

(g)     reserve jurisdiction over: (i) implementation of the Settlement and any distribution to Settlement Class Members, pursuant to further orders of the Court; (ii) disposition

DocuSign Envelope ID: E8D80444-C6B3-417A-93DC-1751E9253G8

of the Settlement Fund; (iii) the Action, until each and every act agreed to be performed pursuant to the Settlement shall have been performed, pursuant to further orders of the Court; and (iv) the Parties, for the purpose of enforcing and administering the Settlement.

## SETTLEMENT CONSIDERATION

39.     The Settlement Amount shall be the sum of $3,000,000. Within ten (10) business days after the Court enters the Preliminary Approval Order, Cornell shall deposit into an escrow account established by the Settlement Administrator / Escrow Agent (the "Escrow Account"), the sum of $3,000,000. No person or entity shall be liable to pay any amount pursuant to the Settlement except as set forth in this paragraph.

## USE OF SETTLEMENT FUND

40.     The Settlement Fund shall be used to pay: (a) any Administrative Expenses incurred in accordance with Paragraph 1(b) above and Paragraph 46 below; (b) any Fee Award and Litigation Expenses granted by the Court; and (c) any Service Awards granted by the Court. The remainder constitutes the Net Settlement Fund, and shall be distributed to Settlement Class Members according to the Settlement.

41.     The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed as provided in Paragraphs 4–8.

42.     Up until the Effective Date, the Escrow Account shall be under the control of the Escrow Agent, on behalf of the Settlement Class Representatives, the Settlement Class, and Cornell. The Escrow Agent shall cause the Settlement Fund to be invested exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments), except that any cash balances up to the amount that is insured by the Federal Deposit Insurance Corporation ("FDIC")

may be deposited in any account that is fully insured by the FDIC. The Escrow Agent shall cause all interest on the Escrow Account to be collected and reinvested. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. The Released Cornell Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Escrow Agent.

43.    The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. The Settlement Administrator shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Released Cornell Parties shall not have any liability or responsibility for any such Taxes. Upon written request, Cornell will provide to the Settlement Administrator the statement described in Treasury Regulation § 1.468B-3(e). The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury

Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

44.     All Taxes shall be paid out of the Settlement Fund and shall be timely paid pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Cornell Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator with respect to the payment of Taxes.

45.     This Settlement is not a claims-made settlement. As of the Effective Date, all rights of Cornell in or to the Settlement Fund shall be extinguished.

46.     Prior to the Effective Date, no disbursements shall be made out of the Settlement Fund except: (a) upon order of the Court; or (b) as provided in the Settlement. Prior to the Effective Date, the Escrow Agent may pay from the Settlement Fund Administrative Expenses actually incurred and paid or payable, which shall not exceed $150,000. If, prior to the Effective Date, Administrative Expenses exceed $150,000, such additional amounts shall be paid only after approval by both Class Counsel and Cornell's Counsel, which shall not be unreasonably withheld. After the Effective Date, the Escrow Agent may pay from the Settlement Fund any additional, unpaid Administrative Expenses only after approval by both Class Counsel and Cornell's Counsel. The Released Cornell Parties are not responsible for, and shall not be liable for, any Administrative Expenses.

DocuSign Envelope ID: E8D80444-C6B3-417A-93DC-1751E9253C8

47.     If the Effective Date does not occur, or if the Settlement is voided, terminated, or cancelled pursuant to the terms of the Settlement, the Settlement Class Representatives and Class Counsel shall have no obligation to repay any of the Administrative Expenses that have been paid or incurred in accordance with Paragraph 1(b). Any amounts remaining in the Settlement Fund after payment of Administrative Expenses incurred in accordance with Paragraph 1(b), including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Cornell. No other person or entity shall have any further claim whatsoever to such amounts.

48.     The Net Settlement Fund will be distributed in the manner set forth in Paragraphs 4–8. The manner of distribution of the Net Settlement Fund, as described in Paragraphs 4–8, the treatment of Uncashed Settlement Checks, as described in Paragraph 8, and the identity of the Settlement Administrator, as described in Paragraph 1(aa), are not necessary terms of the Settlement, and it is not a condition of the Settlement that any particular manner of distribution of the Net Settlement Fund be approved by the Court. The Settlement Class Representatives and Class Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the manner of distribution of the Net Settlement Fund or any other plan of distribution in this Action. Any order or proceeding relating to the manner of distribution of the Net Settlement Fund or any other plan of distribution in this Action, or any appeal from any such order, shall not operate to terminate or cancel the Settlement.

49.     Payment pursuant to the Final Judgment shall be final and conclusive against all Settlement Class Members. All Settlement Class Members who have not opted out of the Settlement Class shall be bound by all terms of the Settlement, including the Final Judgment to be entered in this Action, and will be permanently barred and enjoined from bringing any action against the Released Cornell Parties with respect to any and all of the Released Claims.

50.     No person or entity shall have any claim or cause of action against the Settlement Class Representatives, Class Counsel, the Settlement Administrator, or any other agent designated by Class Counsel arising from distributions made substantially in accordance with the Settlement, the manner of distribution of the Net Settlement Fund as approved by the Court, or any order of the Court.

51.     The Released Cornell Parties shall have no responsibility for, interest in, or liability whatsoever with respect to distribution of the Net Settlement Fund, the payment or withholding of Taxes, the Escrow Account, the Escrow Agent, the Settlement Administrator, Administrative Expenses, or any losses incurred in connection with the foregoing. No person, including the Settlement Class Representatives, Settlement Class Members, and Class Counsel, shall have any claim of any kind against the Released Cornell Parties with respect to the matters set forth in this paragraph.

## AWARDS FOR ATTORNEYS' FEES AND SETTLEMENT CLASS REPRESENTATIVES

52.     Settlement Class Representatives may seek, and the Court may award, reasonable case contribution Service Awards to them for their service in the case and to the Settlement Class not to exceed ten thousand dollars ($10,000), which shall come from the Settlement Fund. This shall be in addition to any Settlement Benefit that Settlement Class Representatives may receive as Settlement Class Members. If the Court approves a request for Service Awards, the Settlement Administrator will distribute the Service Awards to the Settlement Class Representatives along with their Settlement Benefit no later than sixty (60) days after the Effective Date.

53.     No later than fourteen (14) days prior to the Objection/Exclusion Deadline, Class Counsel will apply to the Court for a Fee Award to Class Counsel to be paid from (and out of) the Settlement Fund and not to exceed one-third of the Settlement Fund. In addition to the Fee Award,

DocuSign Envelope ID: E8D80A44-C6B3-417A-93DC-1751E9253C9

Class Counsel also will apply to the Court for reimbursement of their Litigation Expenses, which may include a request for reimbursement of the Settlement Class Representatives' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.

54.    Any Court-approved Fee Award and Litigation Expenses shall be paid to Class Counsel from out of the Settlement Fund after entry of an order by the Court awarding such Fee Award and Litigation Expenses. In the event that there is no Effective Date, or the Settlement is terminated pursuant to the terms of the Settlement, Class Counsel shall repay to Cornell the full amount of the Fee Award and Litigation Expenses paid to Class Counsel from the Settlement Fund, including any accrued interest. In the event that the Fee Award or award of Litigation Expenses is vacated, modified, reversed, or rendered void as the result of any appeal, further proceedings on remand, or successful collateral attack, Class Counsel shall repay to the Settlement Fund the amount of the Fee Award and/or Litigation Expenses reversed, vacated, or modified, including any accrued interest. Class Counsel shall make the appropriate refund or repayment in full no later than twenty-one (21) days after: (a) receiving from Cornell's Counsel notice of the termination of the Settlement; or (b) any order reversing or modifying the Final Judgment, vacating the Final Judgment, or reducing or reversing the Fee Award or Litigation Expenses has become Final.

55.    The granting by the Court of any Service Award, Fee Award, or Litigation Expenses is not a necessary term of the Settlement, and it is not a condition of the Settlement that any particular Service Award, Fee Award, or Litigation Expenses be approved by the Court. The Settlement Class Representatives and Class Counsel may not cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to any Service Award, Fee Award, or Litigation Expenses. Any order or proceeding relating to any Service Award, Fee Award, or

Litigation Expenses, or any appeal from any such order, shall not operate to terminate or cancel the Settlement. However, distribution of all or a portion of the Settlement Fund may be delayed in the event of an appeal concerning any Service Award, Fee Award or Litigation Expenses.

## NO ADMISSION OF WRONGDOING

56.    Cornell denies any wrongdoing or culpability. Neither the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, is, may be construed as, or may be used as an admission by or against Cornell of any fault, wrongdoing, or liability whatsoever.

57.    Pursuant to Federal Rule of Evidence 408, entering into or carrying out the Settlement, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession by Cornell, and shall not be offered or received into evidence in any action or proceeding against the Released Cornell Parties in any court or before any administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of the Settlement or the provisions of any related agreement or exhibit hereto.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

58.    Within fourteen (14) days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate the Settlement Agreement:

a.    If the Court declines to approve the Settlement Agreement as written without material modification or if on appeal the Court's approval is reversed or modified through material modification of the Settlement Agreement;

b. If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Fee Award, Litigation Expenses, and/or Service Awards shall not be deemed to be a material alteration; or

c. If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court without material modification of the Settlement Agreement or is reversed or modified on appeal or otherwise fails for any reason.

59.    Any modification of the Settlement Agreement involving the donation procedures shall not constitute a material modification.

60.    If the number of members of the Settlement Class who properly execute and timely file a request for exclusion from the Settlement reaches five (5) percent of the Settlement Class, then Cornell, in its sole discretion, may elect to withdraw from the settlement. To withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, Cornell must notify Class Counsel in writing within fourteen (14) Days after the Opt-Out List has been served on the Parties. If Cornell exercises this right, Class Counsel shall have at their sole discretion, fourteen (14) days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs. If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than five (5) percent of the Settlement Class, Cornell shall withdraw its election to withdraw from the Settlement and terminate the Settlement Agreement. Election of Settlement Class Members to forgo their Settlement Benefit and instead donate their Settlement Benefit as set forth in Paragraph 7 shall not be grounds for any Party to withdraw from the Settlement.

61.    In the event of withdrawal by any Party in accordance with the terms set forth in this Section:

a. the Settlement Fund shall be refunded to Cornell consistent with the terms of this Settlement Agreement, including Paragraphs 47 and 54;

b. the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment;

c. this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith are without prejudice to any Party and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter, or proposition of law and shall not be used in any manner for any purpose, and

d. the Parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

In such event, the Parties jointly will seek to vacate any order entered or action taken in connection with the Settlement.

## MISCELLANEOUS PROVISIONS

62.    Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement to effectuate its terms. Class Counsel also are authorized to enter into any modifications or amendments to the Settlement on behalf of the Settlement Class which such counsel deem appropriate.

63.    All of the exhibits attached hereto are hereby incorporated by this reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of the Settlement and the terms of any exhibit attached hereto, the terms of the Settlement control.

64.    The Settlement may be amended or modified only by a written instrument signed by or on behalf of the Settlement Class Representatives and Cornell or their successors-in-interest, except to the extent that any modification would be inconsistent with any order by the Court.

65.    The waiver by one Party of any breach of the Settlement by any other Party shall not be deemed a waiver, by that Party or by any other Party to the Settlement, of any other prior or subsequent breach of the Settlement.

66.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

67.    The Settlement and its exhibits constitute the entire agreement among the Parties hereto, and no other agreements, representations, warranties, or inducements have been made to any Party concerning the Settlement or its exhibits other than those contained and memorialized in such documents.

68.    The Settlement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts. Signatures may be originals, or facsimile or pdf copies.

69.    The Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to the Settlement.

70.     The construction, interpretation, operation, effect, and validity of the Settlement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of New York, without regard to conflicts of laws, except to the extent federal law requires that federal law govern.  Any action arising under or to enforce the Settlement or any portion thereof, shall be commenced and maintained only in the United States District Court for the Northern District of New York.

71.     The Parties and their counsel agree to use their best efforts, and to take all reasonable steps necessary, to obtain the entry of the Final Judgment, and to effectuate the Settlement. Any such actions taken by the Parties, and any actions taken by the Parties to comply with the Settlement, will be in accordance with federal, state, and/or local law, including but not limited to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99.

72.     If any Party is required to give notice to another Party under the Settlement, such notice shall be in writing and shall be deemed to have been duly given upon receipt of email transmission, with confirmation of receipt.  Notice shall be provided as follows:

*If to the Settlement Class Representatives or Class Counsel:*

**LYNCH CARPENTER, LLP**
Attn: (Eddie) Jae K. Kim
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Email: ekim@lcllp.com

**POULIN | WILLEY | ANASTOPOULO, LLC**
Attn: Paul J. Doolittle
32 Ann Street
Charleston, SC 29403
Email: pauld@akimlawfirm.com

**CHERUNDOLO LAW FIRM, PLLC**
Attn: John C. Cherundolo
AXA Tower II, Suite 1600
120 Madison Street
Syracuse, NY 13202
Email: jcherundolo@cherundololawfirm.com

*If to Cornell:*

**JENNER & BLOCK LLP**
Attn: Ishan K. Bhabha
Paul B. Rietema
353 N. Clark Street
Chicago, IL 60654-3456
Email: ibhabha@jenner.com
prietema@jenner.com

73.    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Representatives, and any other Settlement Class Members, against the Released Cornell Parties with respect to the Released Claims. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a Settlement that was reached voluntarily after extensive negotiations and multiple mediations, and after consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed, by their duly authorized attorneys, as for the date stated above:

_____                    Dated: 03/06/2023 _____

Alec Faber

DocuSign Envelope ID: E8D80444-C6B3-417A-93DC-1751E9253G8

Ahnaf Rahman

Dated: 3/4/2023

**LYNCH CARPENTER, LLP**

(counsel for Plaintiffs and the putative class)

By: _____

Dated: 3-6-23

(Eddie) Jae K. Kim

**POULIN | WILLEY | ANASTOPOULO, LLC**

Dated: _____

(counsel for Plaintiffs and the putative class)

By: _____

Paul J. Doolittle

**Cherundolo Law Firm, PLLC**

Dated: _____

(counsel for Plaintiffs and the putative class)

By: _____

John C. Cherundolo

**Toptani Law Offices**

Dated: _____

(counsel for Plaintiffs)

By: _____

Edward Toptani

_____                    Dated:_____

Ahnaf Rahman


**LYNCH CARPENTER, LLP**

(counsel for Plaintiffs and the putative class)

By:_____                         Dated:_____

    (Eddie) Jae K. Kim


**POULIN | WILLEY | ANASTOPOULO, LLC**      Dated: 03/06/2023

(counsel for Plaintiffs and the putative class)

By:_____

    Paul J. Doolittle


**Cherundolo Law Firm, PLLC**                Dated:_____

(counsel for Plaintiffs and the putative class)

By:_____

    John C. Cherundolo


**Toptani Law Offices**                      Dated: 03/06/2023

**(counsel for Plaintiffs)**

By:_____

    **Edward Toptani**

Dated:_____

_____
Ahnaf Rahman

**LYNCH CARPENTER, LLP**

(counsel for Plaintiffs and the putative class)

By:_____                              Dated:_____

    (Eddie) Jae K. Kim

**POULIN | WILLEY | ANASTOPOULO, LLC**    Dated:_____

(counsel for Plaintiffs and the putative class)

By:_____

    Paul J. Doolittle

Cherundolo Law Firm, PLLC                         Dated: _3/6/2023_

(counsel for Plaintiffs and the putative class)

By:_____

    John C. Cherundolo

**Toptani Law Offices**                                    Dated:_____

(counsel for Plaintiffs)

By:_____

    Edward Toptani

Dated: 3/6/2023

CORNELL UNIVERSITY

By: Joanne M. DeStefano
Executive Vice President and CFO

34