UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ALEC FABER**, individually and on behalf of all others similarly situated; and **AHNAF RAHMAN**, individually and on behalf of others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**CORNELL UNIVERSITY**,<br><br>　　　　　　　　Defendant. | Case No.: 3:20-cv-00467 MAD/ML<br><br>Hon. Mae A. D'Agostino |

**ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT, DIRECTING NOTICE TO THE POTENTIAL CLASS, SETTING A HEARING ON FINAL APPROVAL, AND PROVISIONALLY CERTIFYING THE PROPOSED CLASS**

**WHEREAS**, Plaintiffs Alec Faber and Ahnaf Rahman (collectively "Plaintiffs"), individually and as representatives of the Settlement Class, as defined below, and Defendant Cornell University ("Defendant") (Plaintiffs together with Defendant hereinafter collectively, the "Parties") have entered into a Settlement Agreement that was fully executed on March 6, 2023, which if approved, would resolve this class action ("Action");

**WHEREAS**, Plaintiffs have filed a motion for preliminary approval of the proposed settlement ("Settlement") set forth in the Settlement Agreement, which Defendant does not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declarations, the Settlement Agreement, and all exhibits thereto, including the proposed class notices (hereinafter the "Notices"), and finds there is sufficient basis for granting preliminary approval of the Settlement, directing that the Short Form Notice be disseminated to the Settlement Class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement;

1

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement and its exhibits,

**IT IS HEREBY ORDERED** that:

1. Unless otherwise defined herein, terms used in this Order have the same meaning as defined in the Settlement.

2. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class Members set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class Members; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by Defendant or any other person, nor a finding of the validity of any claims asserted in the Action, any wrongdoing, or any violation of law.

5. For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class as

proposed by the Parties:

> All students enrolled in a degree-bearing Cornell program for the Spring 2020 semester, with the exception of: (i) any person who withdrew from Cornell on or before March 1, 2020; (ii) any person enrolled for the Spring 2020 semester solely in a program that, at the beginning of the Spring 2020 semester, was to be delivered as an online program; (iii) any person who executes and files a proper and timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

6. For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact comm on to the Settlement Class, and those questions predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Action.

7. For purposes of the proposed Settlement only, the Court preliminarily appoints Plaintiffs Alec Faber and Ahnaf Rahman as Settlement Class Representatives.

8. For purposes of the proposed Settlement only, the Court preliminarily appoints the law firms of Lynch Carpenter LLP; Poulin | Willey | Anastopoulo, LLC (formerly known as Anastopoulo Law Firm LLC); Cherundolo Law Firm, PLLC; and Toptani Law Offices as Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representatives with respect to the Settlement. The Court preliminarily authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representatives and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

9. The Court appoints the firm of KCC LLC as Settlement Administrator to administer

the Notice procedure and distribute the Net Settlement Fund, under the supervision of Class Counsel.

10. Having reviewed the proposed Short Form Notice of Proposed Class Action Settlement and Hearing ("Short Form Notice"), and the proposed Long Form Notice of Proposed Class Action Settlement and Hearing ("Long Form Notice"), submitted by the Parties as Exhibits A and C to the Settlement, the Court approves, as to form and content, such Notices.

11. Within fourteen (14) days after the entry of this Order, Defendant shall produce to the Settlement Administrator a list from the University Registrar's records that includes the names and last known email and postal addresses, to the extent available, belonging to all Potential Settlement Class Members.

12. Within fourteen (14) days after the entry of this Order, and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website, which shall include, in downloadable format, the following: (i) the Long Form Notice; (ii) the Preliminary Approval Order; (iii) the Settlement Agreement (including all of its exhibits); (iv) a Question and Answer section agreed to in good faith by the Parties anticipating and answering Settlement-related questions from prospective class members; (v) contact information for the Settlement Administrator, including a Toll Free number, and (iv) any other materials agreed upon by the Parties and/or required by the Court.

13. No later than fifteen (15) days after the entry of this Order, and until the date the Final Judgment is entered, Defendant shall provide a link to the Settlement Website described in paragraph 12 at https://www.cornell.edu/.

14. Within thirty (30) days after the entry of this Order, the Settlement Administrator shall send, via email to persons listed on the Class List, the Short Form Notice substantially in the form submitted to the Court; and if an email address is not listed for a Potential Settlement Class Member on the Class List, such Short Form Notice shall be sent by the Settlement Administrator to

the Potential Settlement Class Member's last known mailing address via U.S. mail.

15. No later than thirty (30) days after the entry of this Order, Defendant shall cause the Short Form Notice to be published as an advertisement in the *Cornell Chronicle*, or the student newspaper, or a publication with comparable reach.

16. Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions set forth above concerning the distribution of Notice by the Settlement Administrator to the Settlement Class.

17. The Court finds and determines that (a) emailing or mailing the Short Form Notice, (b) publication of the Short Form Notice, (c) posting of the Long Form Notice on the Settlement Website, and (d) posting a link to the Settlement Website on Defendant's website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

18. Any person falling within the definition of the Potential Settlement Class may, upon request, "opt-out" and be excluded from the Settlement Class. No Potential Settlement Class Member may both opt-out of the Settlement and object to the Settlement; a Potential Settlement Class Member must decide whether to opt -out of the Settlement as described herein, or to object as described [in paragraphs 25-26] below.

19. Any person who desires to opt-out and request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the Long Form Notice. Such written request for exclusion must be mailed to the Settlement Administrator such that it is postmarked no later than forty-five (45) days after the issuance of the Short Form Notice (the

"Objection/Exclusion Deadline").

20. The application of Class Counsel for any Fee Award, Service Awards, and reimbursement of Litigation Expenses must be filed at least fourteen (14) days prior to the Objection/Exclusion Deadline.

21. All persons who submit valid and timely written requests for exclusion as set forth in this Order and the Long Form Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any Final Judgment entered in this Action.

22. Any motion for final approval of the Settlement and final certification of the Settlement Class for settlement purposes only, shall be filed by Class Counsel, in coordination with Defendant's Counsel, no later than ten (10) days before the Final Approval Hearing.

23. No later than seventy-five (75) days after the Short Form Notice is disseminated by the Settlement Administrator, this Court will hold a hearing in the United States District Court for the Northern District of New York, 445 Broadway, Albany, New York 12207, at 12:00 PM on October 25, 2023 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution of the Net Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (c) whether to approve the application of Class Counsel for a Fee Award and reimbursement of Litigation Expenses; (d) whether to approve the payment of a case contribution Service Award to the Settlement Class Representatives; (e) whether a Final Judgment should be entered; and (f) any other matters that may properly be brought before the Court in connection with the Settlement.  The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class.  The Final Approval Hearing may be held in person, telephonically, or remotely via Zoom or other electronic platform

without further notice. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and any interested persons should check the Settlement Website for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

24. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel.

25. Any Settlement Class Member may object to the Settlement, the manner of distribution of the Net Settlement Fund, the application for case contribution Service Award, the Fee Award, and/or the request for reimbursement of Litigation Expense s, or may appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Judgment should not be entered thereon, why the case contribution Service Award should not be approved, or why the Fee Award or request for reimbursement of Litigation Expenses should not be approved. Any such objection must be in the form and manner required by the Long Form Notice.

26. No Settlement Class Member or other person will be heard on such matters unless they have postmarked no later than the Objection/Exclusion Deadline a written objection that: (a) states that the person objecting is a Settlement Class Member; (b) includes the name, address, email, and telephone number of the Settlement Class Member objecting ; (c) is personally signed by the objecting Settlement Class Member; (d) contains a statement that includes all objections, states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class,and states the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); (e) includes a statement of whether the objector intends to appear at the Final Approval Hearing, with or without

counsel; and (f) is otherwise in the form and manner required by the Long Form Notice. Such written objections, briefs, papers, and statements must be filed with the Court, and copies must be delivered by email, mail, hand, or overnight delivery services at the same time to the following counsel:

*If to the Settlement Class Representatives or Class Counsel:*

> **LYNCH CARPENTER, LLP** Attn: (Eddie) Jae K. Kim
> 1133 Penn Avenue, 5th Floor
> Pittsburgh, PA 15222 Email:
> ekim@lcllp.com
>
> **POULIN | WILLEY | ANASTOPOULO, LLC** Attn: Paul J. Doolittle 32 Ann Street
> Charleston, SC 29403 Email:
> pauld@akimlawfirm.com
>
> **CHERUNDOLO LAW FIRM, PLLC** Attn:
> John C. Cherundolo  AXA Tower One 15th
> Floor 100 Madison Street Syracuse, NY 13202
> Email: jcherundolo@cherundololawfirm.com

*If to Cornell:*

> **JENNER & BLOCK LLP**
> Attn: Ishan K. Bhabha Paul
> B. Rietema 353 N. Clark
> Street Chicago, IL
> 60654-3456  Email:
> ibhabha@jenner.com
> prietema@jenner.com

27. If a Settlement Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Settlement Class Member is a member of the Settlement Class and will receive their share of the Net Settlement Fund.

28. If any Settlement Class Member does not make an objection in the form and in a manner set forth above and in the Long Form Notice, such Settlement Class Member shall be deemed to have waived any objections and shall be forever barred from raising such objections in

this Action or any other action or proceeding, absent further order of the Court.

29. This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel Defendant to provide the "Class List" regarding Settlement Class Members (including any directory information, as FERPA defines that term, and regardless of any limitations Cornell has placed on directory information) to the Settlement Administrator in accordance with this Order.

30. Upon the Effective Date set forth in Paragraph 1(g) of the Settlement, the Releasing Settlement Class Parties shall have fully, finally, and forever released all Released Claims against the Released Cornell Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Cornell Parties; and the Releasing Cornell Parties shall have fully, finally, and forever released all Released Claims against the Released Settlement Class Parties, and shall forever b e barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Settlement Class Parties.

31. Upon the Effective Date set forth in Paragraph 1(g) of the Settlement, only persons who are Settlement Class M embers shall have rights in the distribution of the Settlement Fund created by the Settlement.

32. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

33. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

34. Members of the Settlement Class shall be bound by all determinations and

judgments concerning the Settlement and Final Judgment as to the same, whether favorable or unfavorable.

35.    The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement with such modifications as may be agreed by the Parties, if appropriate, without further Notice to the Settlement Class.


Dated: August 24, 2023

Albany, New York

_____
Hon. Mae A. D'Agostino
United States District Judge